Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Robert E. Morelli, III (SBN 363123)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

Colette Mahon (SBN 304745)
**LAWYERS FOR EMPLOYEE AND**
**CONSUMER RIGHTS, APC**
3500 West Olive Ave, Third Floor
Burbank, CA 91505
Phone: 323-375-5101
Fax: 323-306-5571
cmahon@lfecr.com

*Attorneys for Plaintiff, the State of California*
*and Aggrieved Employees*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONAS, on behalf of the State of California and Aggrieved Employees,<br><br>*Plaintiff,*<br><br>vs.<br><br>MERCER, FRASER COMPANY, and DOES 1 through 100, inclusive,<br><br>*Defendant(s).* | Case No.  1:26-cv-04666-PCP<br><br>**PLAINTIFF'S MOTION TO REMAND PAGA ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date: July 22, 2026<br>Time: 10:00 a.m.<br><br>Case Removed: May 18, 2026<br>Complaint filed: March 6, 2026<br><br>Trial Date: None Set |

**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the above date and time, or as soon thereafter as the matter may be heard before the Honorable U.S. District Judge P. Casey Pitts, Plaintiff Steven Jonas will and hereby does move this Court for an order remanding this action to the Superior Court of the State of California, County of Humboldt, from which it was removed.

This motion is made pursuant to 28 U.S.C. §1447 on the grounds that this Court lacks subject matter jurisdiction over this representative enforcement action brought under the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further arguments as may be presented at the hearing.

Respectfully Submitted,

Date: June 17, 2026

*/s/ Robert E. Morelli, III*
Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli, III
**SCHNEIDER WALLACE COTTRELL KIM LLP**

Colette Mahon (SBN 304745)
**LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS, APC**

*Attorneys for Plaintiff, the State of California and Aggrieved Employees*

# TABLE OF CONTENTS

**I.**   INTRODUCTION ................................................................................................................. 1

**II.**   FACTUAL BACKGROUND ............................................................................................... 1

**III.**   LEGAL STANDARD......................................................................................................... 2

**IV.**   ARGUMENT ..................................................................................................................... 3

   A.   PAGA Actions are Creatures of State Law and There is a Strong Presumption
      Against Their Removal. ................................................................................................ 3

   B.   Federal Subject Matter Jurisdiction is Lacking Because Labor Code
      §§ 514 and §512(e) are Affirmative Defenses, Not Sources of Federal Questions................. 3

   C.   Violations of Non-Negotiable State Law Rights Cannot be bargained
      for or waived in a CBA. ............................................................................................... 5

   D.   Defendant Improperly Removed the Action Based on Federal Question
      Preemption via Labor Management Relations Act §301 ......................................................... 7

     1. The application of state law is only pre-empted by LMRA §301
       if interpretation of the collective bargaining agreement is necessary..................................... 7

      2.   Defendant Fails to Meet the *Burnside* Test........................................................................ 8

   E.   Defendant's Reliance on *Curtis v. Irwin Industries* is Misplaced. ...................................... 10

**V.**   CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Alaska Airlines v. Schurke,*
  898 F.3d 904 (9th Cir. 2018) ..................................................................................................5

*Andrade v. Rehrig Pacific Company,*
  No. CV 20-1448 FMO (RAOX), 2020 WL 1934954 (C.D. Cal. Apr. 22, 2020) ...........................4

*Araquistain v. Pacific Gas & Electric Company,*
  229 Cal.App.4th 227 (2014) ...................................................................................................4

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC,*
  No. 17-CV-00123-JST, 2017 WL 3115168 (N.D. Cal. July 21, 2017) .........................................5

*Balcorta v Twentieth Century-Fox Film Corp.,*
  208 F.3d 1102 (9th Cir 2000) .................................................................................................2

*Baumann v. Chase Inv. Servs. Corp.,*
  747 F.3d 1117 (9th Cir. 2014) ................................................................................................3

*Blackwell v. Com. Refrigeration Specialists, Inc.,*
  No. 220CV01968KJMCKD, 2021 WL 2634501 (E.D. Cal. June 25, 2021) ..................................3

*Bryant v. Catholic Healthcare West,*
  No. CV 11-07490 DDP JCGX, 2012 WL 3425649 (C.D. Cal. Aug. 13, 2012)..............................6

*Burnside v Kiewit Pacific Corp.,*
  491 F.3d 1053 (9th Cir. 2007)......................................................................................... 8, 9, 10

*Caterpillar v. Williams,*
  482 U.S. 386 (1987) ...............................................................................................................9

*Cortes v. Mass Electric Construction Co.,*
  No. 25-CV-06714-JSC, 2025 WL 3685194 (N.D. Cal. Dec. 18, 2025) .............................. 8, 9, 10

*Curtis v. Irwin Indus., Inc.,*
  913 F.3d 1146 (9th Cir. 2019)........................................................................................... 10, 11

*Eriksson, Ltd. Liab. Co. v. Loveland Prods.,*
  No. 1:20-cv-00703-DAD-SKO, 2020 U.S. Dist. LEXIS 129680 (E.D. Cal. July 21, 2020) ...........2

*Franchise Tax Bd.,*
  463 U.S. 103 (1983) ...............................................................................................................2

*Franco v. E-3 Systems,*
  No. 19-CV-01453-HSG, 2019 WL 6358947 (N.D. Cal. Nov. 8, 2019)........................................3

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ........................................................................................................ 2

*Lingle v Norge Div. of Magic Chef*,
  486 U.S. 399 (1988) ................................................................................................................ 7, 8

*Livadas v. Bradshaw*,
  512 U.S. 107 (1994) .................................................................................................................. 10

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*,
  581 F.3d 941 (9th Cir. 2009) ...................................................................................................... 2

*Moore v. Aramark Unif. Servs., LLC*,
  No. 17-CV-06288-JST, 2018 WL 701258 (N.D. Cal. Feb. 5, 2018) ........................................ 5, 6

*Munoz v. Atlantic Express of L.A., Inc.*,
  No. CV 12-6074-GHK FMOX, 2012 WL 5349408 (C.D.Cal. Oct. 30, 2012) .............................. 6

*Placencia v. Amcor Packaging Distribution, Inc.*,
  No. SACV 14-0379 AG JPRX, 2014 WL 2445957 (C.D. Cal. May 12, 2014) .............................. 4

*Rymel v. Save Mart Supermarkets, Inc*,
  30 Cal. App. 5th 853 (2018) ...................................................................................................... 9

*Stone v. Sysco Corporation*,
  No. 16-CV-01145-DAD-JLT, 2016 WL 6582598 (E.D. Cal. Nov. 7, 2016) ................................. 6

*Troester v. Starbucks Corp.*,
  5 Cal.5th 829 (2018) .................................................................................................................. 5

*Valles v. Ivy Hill Corp.*,
  410 F.3d 1071 (9th Cir. 2005) .................................................................................................... 5

*Vasserman v Henry Mayo Newhall Memorial Hospital*,
  65 F.Supp.3d 932 (2014) .................................................................................................... passim

*Walton v. C. Overaa & Co.*,
  No. 24-CV-03658-LB, 2024 WL 4495809 (N.D. Cal. Oct. 14, 2024) ......................................... 7

*Wright v. Universal Maritime Serv. Corp.*,
  525 U.S. 70 (1998) .................................................................................................................. 6, 9

**Statutes**

28 U.S.C §1331 .......................................................................................................................... 2

28 U.S.C. § 1367 ......................................................................................................................... 2

28 U.S.C. § 1441 ......................................................................................................................... 2

28 U.S.C. § 1446 .................................................................................................................... 2

29 U.S.C. 185 ........................................................................................................................ 4

Cal. Lab. Code § 1174.5 ........................................................................................................ 8

Cal. Lab. Code § 1194 ........................................................................................................... 9

Cal. Lab. Code § 1198 ....................................................................................................... 8, 9

Cal. Lab. Code § 200 ............................................................................................................. 8

Cal. Lab. Code § 204 ............................................................................................................. 6

Cal. Lab. Code § 226.7 ...................................................................................................... 8, 9

Cal. Lab. Code § 2698 ........................................................................................................... 3

Cal. Lab. Code § 2699 ....................................................................................................... 3, 8

Cal. Lab. Code § 510 ......................................................................................................... 5, 9

Cal. Lab. Code § 511 ............................................................................................................. 5

Cal. Lab. Code § 512 ................................................................................................. 4, 5, 8, 9

Cal. Lab. Code § 514 .......................................................................................................... 4, 5

## I.    INTRODUCTION

This is an action that arises solely under the California Labor Code Private Attorneys General Act ("PAGA") and California state law and labor code.  There are no federal questions in this dispute. There is a Collective Bargaining Agreement ("CBA") which covers the employees of Mercer Fraser Company and the class within this action, but no terms within the CBA are questioned or contested in this dispute. The Defendant requested removal based upon an affirmative defense, which is improper to create federal question jurisdiction, and requested supplemental jurisdiction pursuant thereto, but as there is no federal question, there is no reason to exercise supplemental jurisdiction. Remand to state court is the proper course of action.

## II.    FACTUAL BACKGROUND

On March 6, 2026, Plaintiff, Steven Jonas, ("Plaintiff") initiated this enforcement action on behalf of the State of California against Defendant, Mercer Fraser Company ("Defendant") in the Superior Court of California, County of Humboldt. *See* Doc. No. 1-1 at pp. 5-24. Plaintiff was a driver for Defendant at the Fortuna, California, location from August 2025 to June 12, 2025. Plaintiff routinely worked eight-plus hour shifts hauling concrete and gravel for Defendant and often was automatically clocked-out for meals despite not receiving a meal break. Defendant is a rock, sand, gravel, asphalt and concrete construction company operating within California.

There is a CBA in place between Defendant and the Aggrieved Employee PAGA Class, but the violations alleged by Plaintiff in the Complaint are violations of California Law, not the CBA. The PAGA violations alleged are: failure to pay overtime; failure to provide available, timely, and compliant meal periods; failure to reimburse business expenses; failure to provide true and accurate wage statements; waiting time penalties for not providing payment to employees within 72 hours of employment's end; and the failure to timely pay wages. *See* ECF No. 1-1 at p. 6. The CBA is completely silent on the areas of wage statements, business reimbursements, payment of earned wages upon termination or resignation, and timely payment of wages. *See* ECF No. 1-2 at pp. 10-23.

While the CBA does mention overtime rates and lunch periods, there are no proposed remedies within the CBA, so those remedies must arise under state law. Regarding lunch periods, the CBA states in Article 7 Section C, "Lunch Period: Not less than one-half (1/2) hours shall be allowed

for lunch, or more than one hour of work and must be taken after the fourth (4th) hour of work and prior to the sixth (6th) hour of work. Employees required to work part or all of their lunch period shall be paid the overtime rate of pay for said lunch period." (*See* ECF No. 1-2, Declaration of Justin Zabel ("Zabel Dec."), Exhibit B at p.14.) Plaintiff was regularly, automatically clocked-out for lunch despite receiving no meal period, and per Article 15, grievances must be submitted within ten days after the incident to be valid. *Id.* at pp. 18-19. However, there is no definition of "grievance," or "incident," and systematically being denied lunches or payment for them is not a grievance: it is a violation of state law. The refusal to pay overtime is also a violation of state law.

On May 18, 2026, Defendant removed the action to this Court citing the Labor Management Relations Act ("LMRA") and claims of 28 U.S.C §1331, federal question jurisdiction; 28 U.S.C. § 1441(a) and 1446, removal; and, 28 U.S.C. §1367, supplemental jurisdiction. *See* ECF No. 1.

## III.    LEGAL STANDARD

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). There is a strong presumption against removal and doubts are to be determined in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id*. "If there is *any* doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court." *Eriksson, Ltd. Liab. Co. v. Loveland Prods.*, No. 1:20-cv-00703-DAD-SKO, 2020 U.S. Dist. LEXIS 129680, at *3 (E.D. Cal. July 21, 2020) (citing 28 U.S.C. § 1441(a)). (Emphasis in original).

However, the Ninth Circuit has recognized that it is also "settled law that a case may not be removed to federal court on the basis of a federal defense—including a defense of preemption—even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Vasserman v Henry Mayo Newhall Memorial Hospital*, 65 F.Supp.3d 932, 955 (2014) citing *Balcorta v Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir 2000) quoting *Franchise Tax Bd.*, 463 U.S. 103 at 14 (1983).

## IV.   ARGUMENT

### A.   PAGA Actions are Creatures of State Law and There is a Strong Presumption Against Their Removal.

The Private Attorneys General Act, Cal. Lab. Code §§2698-99, was enacted to encourage private actors to enforce California's labor laws by enabling them to act as a proxy for the state on behalf of themselves and other employees who have suffered employment law violations. "The legislature declared it 'in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts.'" *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014) citing 2003 Cal. Stat. Ch. 906 §§1-2. PAGA actions are only a creature of California state law, and considering the remedial nature of legislation meant to protect employees, courts generally construe PAGA provisions broadly in favor of such protections.

Generally, California state courts—not federal courts—are the proper place to bring PAGA actions, because they are based on the underlying violations of state law by California employers. However, as "PAGA claims are derivative of the predicate California Labor Code violations, they therefore rise and fall [in jurisdiction] with those underlying claims." *Franco v. E-3 Systems*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019), *Blackwell v. Com. Refrigeration Specialists, Inc.*, No. No. 220CV01968KJMCKD, 2021 WL 2634501, at *4 (E.D. Cal. June 25, 2021) Thus, because the underlying PAGA rights exist independent of the CBA this action is not removable to federal court and should be remanded to state court.

### B.   Federal Subject Matter Jurisdiction is Lacking Because Labor Code §§ 514 and §512(e) are Affirmative Defenses, Not Sources of Federal Questions

California Labor Code Sections 512 and 514 both require minimum standards for employee health and welfare in the context of required meal and rest breaks as well as potential exemptions thereto if employees are covered by a valid CBA (discussed further below.) Defendant's attempt to raise federal question jurisdiction by way of its affirmative defenses fails. Defenses based on the terms

of a collective bargaining agreement ("CBA") cannot create preemption or federal question subject matter jurisdiction, even for employees covered by a CBA which falls within the provisions of Labor Code §§ 512 and 514. *Vasserman v. Henry Mayo Newhall Memorial Hospital*, 65 F. Supp. 3d 932, 961 (C.D. Cal. 2014). Here, there is no disagreement or uncertainty over terms of the CBA, rather the CBA is implicated merely because it exists.

In *Vasserman*, the court found that merely using §514 as a defense, without pointing to an actual disagreement over the meaning of CBA terms, is not enough to give rise to §301 preemption. *Id*. at 964.  The court explained that just because the §514 exemption may apply, it does not alter the substance of Ms. Vasserman's state-based claims. *Id*. at *954. (*See also Araquistain v. Pacific Gas & Electric Company*, 229 Cal.App.4th 227, 231, 176 Cal.Rptr.3d 620 (2014) (recognizing that California Labor Code §§ 512(e)-(g), the statutory exemptions to meal period violations, are affirmative defenses to a claim for violation of § 512(a)).) Ms. Vasserman did not dispute that the applicable wage rates and right to meals are provided in the CBA, only that she was not paid overtime or provided any time or payment for meals whatsoever as required by the California Labor Code. The *Vasserman* court noted it was obvious calculations based on the CBA would be necessary to resolve her overtime claims, but the defending hospital had failed to show how simply referencing the CBA wage rates would require interpretation of the CBA rather than merely referencing its undisputed terms. *Id*. at 957-958, 960.[1]

Similarly, in *Andrade v. Rehrig Pacific Company*, the court rejected defendant's contention that the §512(e) exclusion applied to Plaintiff for meal and rest periods and that Plaintiff's claims arose only out of his rights under the CBA. *Andrade v. Rehrig Pacific Company*, No. CV 20-1448 FMO (RAOX), 2020 WL 1934954 (C.D. Cal. Apr. 22, 2020).[2] The court explained that, "the fact that a CBA

---

[1] Specifically, the *Vasserman* court plainly stated, "California law mandates that an employer provide off-duty meal periods, and that right is independent of any provision of the CBA…Section 301 does not preempt her meal break claims."

[2] The court in *Andrade* relied on *Placencia v Amcor Packaging Distribution*, which found that the plaintiff is the master of his complaint, and has chosen to plead his overtime claim not under CBA but under California law. No. SACV 14-0379 AG JPRX, 2014 WL 2445957 *3 (C.D. Cal. May 12, 2014). The *Placencia* judge noted that §301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense. (The unpersuasive defense mounted was that the employees were

PLAINTIFF'S MOTION TO REMAND PAGA ACTION
*Jonas v. Mercer, Fraser Company, et al.*, Case No. 1:26-cv-04666-PCP

provides a remedy or duty related to a situation that is also directly regulated by non-negotiable state law does not mean the employee is limited to a claim based on the CBA." *Andrade*, supra, at *8, citing *Alaska Airlines v. Schurke,* 898 F.3d 904 at 928 (9th Cir. 2018). The *Andrade* court further stated, "Congress did not intend to preempt state law claims simply because they in some respect implicate CBA provisions, make reference to a CBA-defined right, or create a state law cause of action factually parallel to a 'grievable' claim. *Id*. The *Andrade* court cited *Troester v. Starbucks Corp.* when it impressed that, "irrespective of how "the wages," or "hours of work," are determined under a CBA, plaintiff is entitled to be paid a minimum wage and overtime for **all hours** he was under the "control" of defendant. *Id.* at *3 citing 5 Cal.5th 829, 840, 848 (2018).

Such is the case here, with Mr. Jonas and Mercer Fraser Company, Mr. Jonas merely alleges that he has not been paid for all hours due under the California Labor Code, not that any CBA terms were incorrectly applied, misunderstood, or otherwise wrongly enforced. No interpretation of the CBA is needed, and indeed, Defendant has not alleged any need for interpretation exists. Defendant therefore has not met its burden to remove this to federal jurisdiction based on preemption.

**C.      Violations of Non-Negotiable State Law Rights Cannot be bargained-for or waived in a CBA.**

While Labor Code sections 510, 511, 512, and 514 contain certain exemptions where a valid CBA exists[3], none of those exemptions allow employers to forego are meal periods or payment therefore entirely. Courts have found the rights to the state law provisions governing employees' basic health and welfare to be nonnegotiable and nonwaivable and therefore, not subject to §301 preemption, even if they are covered by a valid CBA. *Moore v. Aramark Unif. Servs., LLC*, No. 17-CV-06288-JST, 2018 WL 701258, at *5 (N.D. Cal. Feb. 5, 2018) citing *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 3115168, at *6 (N.D. Cal. July 21, 2017) (citing *Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1081 (9th Cir. 2005)). In *Vasserman*, *supra*, the employer claimed that the covered by a valid CBA for §514 purposes and thus the employees were exempt from state overtime laws).

[3] Labor Code § 512 subsections (e) and (f) roughly say that employees covered by a valid CBA are exempt from adherence [to the strict hours in] in 512(a). While Labor Code § 514 exempts employees covered by a valid CBA from the requirements of sections 510 (days' work and overtime) and 511 (alternative workweek schedules).

CBA's inclusion of language entitling employees to meal periods preempts meal period violations, but the court rejected that idea and cited Ninth Circuit precedent in *Valles*, "meal periods are a non-negotiable right under state law. Courts have thus held that California state law claims alleging meal period violations are not preempted even where the CBA includes language entitling employees to such breaks."

Likewise, "the independent state law right to be paid for all hours worked does not require any interpretation of the CBA.... Plaintiffs' unpaid wage claims are not based on a dispute over how to calculate their pay rate under the CBA, but on Defendant's alleged failure to pay them any regular or overtime pay *at all* for certain time worked." *Moore v. Aramark Uniform Services*., LLC, 2018 WL 701258, at *3 (N.D. Cal. Feb. 5, 2018) citing *Bryant v. Catholic Healthcare West*, No. CV 11-07490 DDP JCGX, 2012 WL 3425649, at *3 (C.D. Cal. Aug. 13, 2012) (rejecting preemption argument regarding section 1194 claim).[4] Therefore, Plaintiff's claim here predicated on the failure to pay employees for all time worked is a claim that exists independently of the CBA, and independently of whether that CBA is "valid" for exemption purposes of the California Labor Code.

Furthermore, the Mercer Fraser CBA does not contain a clear and unmistakable waiver of state law rights (including PAGA or any other statutory remedies) into its grievance process. The *Vasserman* court declared, "in order for a grievance and arbitration provision to implicate preemption, the 'union-negotiated waiver of employees' statutory right to a judicial forum' must be 'clear and unmistakable.'" *Vasserman* at 964-965 citing *Munoz v. Atlantic Express of L.A.*, Inc., No. CV 12-6074-GHK FMOX, 2012 WL 5349408, *4 (C.D.Cal. Oct. 30, 2012) (quoting *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80–81, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998)). Here, the powers of the arbitrator enumerated in Article 15 Section F of the CBA are quite narrow. Per Article 15(F)(5): "The parties agree that the power and jurisdiction of the Arbitrator shall be limited to deciding whether there has been a violation of this Agreement. He shall not be empowered and shall have no jurisdiction to base his award on any alleged practice or oral understandings not incorporated in this Agreement." *See* ECF No. 1-2, Zabel Dec., Exhibit B at p.19.

---

[4] *See also*, *Stone v. Sysco Corporation*, No. 16-CV-01145-DAD-JLT, 2016 WL 6582598 at *9 (E.D. Cal. Nov. 7, 2016) (citing California Labor Code section 204(a) in finding that defendants "continuous policy of not paying Plaintiffs ... 'arises from state law'")

6

Courts that have found a clear and unmistakable waiver require the CBA to contain specific reference to PAGA claims. For example, in *Walton v. Overra & Co.*, the court found that CBA language was an express waiver of judicial forum and PAGA actions where the plain language of that CBA's grievance procedure said it specifically "appl[ies] to any representative PAGA claims, class and/or individual claims that arise or are pending during the term of the parties' current [CBA], regardless of when they were filed with the court or any administrative agency." *Walton v. C. Overaa & Co.*, No. 24-CV-03658-LB, 2024 WL 4495809, at *3 (N.D. Cal. Oct. 14, 2024). The Mercer Fraser CBA's inclusion of arbitration language without clear boundaries for what shall be arbitrated does not grant employer the ability to violate employment rights and state laws at will.

As such, even if the Labor Code exemptions for a valid CBA apply, the rest of Plaintiff's claims stand independently as violations of nonnegotiable state law and only merely reference the CBA so the valid CBA defense of does not create federal jurisdiction or waive nonnegotiable employment rights.

**D.  Defendant Improperly Removed the Action Based on Federal Question Preemption via Labor Management Relations Act §301**

**1.  The application of state law is only pre-empted by LMRA §301 if interpretation of the collective bargaining agreement is necessary.**

Defendant disingenuously claims that Section 301 preempts all state-law claims founded directly on rights created by collective bargaining agreements. Not so. It is a well-known principle that, "as long as the state law claims can be resolved without interpreting the collective-bargaining agreement itself, the claim is 'independent' of the agreement for §301 purposes." *Lingle v Norge Div. of Magic Chef*, 486 U.S. 399, 400 (1988).

In *Lingle*, the unionized employee was injured on the job, filed for Worker's Compensation, and was then discharged by her employer for allegedly filing a false worker's compensation claim. Ms. Lingle then brought a grievance arbitration through the union for being fired for a reason other than "just cause," and simultaneously began an action in state court for retaliation predicated upon exercising her worker's compensation rights. (*Id.* at 399.) Her state court complaint was initially dismissed as preempted under §301 of the LMRA, because it was so "inextricably intertwined" with

the CBA provision requiring termination only for "just cause," that the state court thought it would need to determine whether she was fired for just cause and analyze the CBA which would render the arbitrator's role moot. The Supreme Court disagreed and instead considered the dispute a factual question regarding the conduct and motivation of employer and employee rather than interpretation of the CBA. The *Lingle* court found that even if the same set of facts were reviewed across both the dispute resolution process and state court action, as long as the state law claim could be resolved without interpreting the CBA, judges can determine questions of state law involving labor-management relations. (*Id*. at 410.) The *Lingle* court remarked, "*there is nothing novel about recognizing that substantive rights in the labor relations context can exist without interpreting collective-bargaining agreements…pre-emption should not be lightly inferred in this area, since the establishment of labor standards falls within the traditional police power of the State.*" (*Id*. at 411-412.) (Emphasis added.)

Just like in *Lingle*, there are no terms in the Mercer Fraser Company Collective Bargaining Agreement at issue here which require interpretation by the court. This action was not brought on behalf of the Teamsters to enforce rights only created by their CBA. Plaintiff's Complaint was filed as a PAGA Action based on California state law violations of the California Labor Code §200, §1198, §226.7, §512, §2699(f), §2699(a), and §1174.5.

### 2.      Defendant Fails to Meet the *Burnside* Test

As Defendant correctly pointed out in its Removal Motion (ECF No. 1, p. 7 lines 19-20), to determine whether Plaintiff's claims are preempted by the LMRA, each claim must be individually analyzed under the prongs of the *Burnside* Test enumerated in *Burnside v Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007).

The *Burnside* test asks "does the claim seek purely to vindicate a right or duty created by the CBA itself? If so, the claim is preempted and analysis ends. If not, the court asks whether Plaintiff's state law right is substantially dependent upon analysis of the CBA." *Cortes v. Mass Electric Construction Co.,* No. 25-CV-06714-JSC, 2025 WL 3685194 at 2-3 (N.D. Cal. Dec. 18, 2025), summarizing *Burnside*.

In addressing the first prong – whether the claims seeks to vindicate a right created by the CBA

– the court in *Cortes* found that the Ninth Circuit had already held that §510 and §512 (overtime and meal/rest break claims, respectively), did not "arise exclusively" from the CBA but from rights conferred from state law and thus were not preempted by *Burnside* step one. *Id*. (citing *Caterpillar v. Williams*, 482 U.S. 386 at 393 (1987)). The *Cortes* court explained that "the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." (*Id.*) In *Cortes*, the Defendant could not point to a single *actively-disputed* CBA term, and thus federal question jurisdiction was denied. Notably, similar to the Plaintiff here, the plaintiff in *Cortes* brought his causes of action based on California Labor Code Sections 1194, §1198, §510, §226.7, and §512, and the court found that based on the face of his complaint, he was bringing actions for meal and rest break claims based on state law and not his CBA. *Id*. at 3.

The Court here should find the same. Defendant argues that Plaintiff is exempt from the ability to recover for §512(a) missed meal breaks because the CBA met the requirements to alter the meals according to §§ 512(e) and (f). However, altering when a meal break is received or what pay applies is vastly different from never receiving the meal break or premium pay for working through it. Under state law, employees are entitled to a meal break.

Article 7 § C of the Mercer Fraser CBA states, "Employees required to work part or all of their lunch period shall be paid the overtime rate of pay for said lunch period," (ECF No. 1-2 at p. 14), but there is no mention of what happens when employees are flat out systematically denied their lunches or payment thereof through automatically being clocked-out. CBA's cannot authorize violations of state law, and where resolution of a plaintiff's claim does not require interpreting the CBA, and a CBA does not reference the statutes [it purports to occupy], plaintiff's claims are neither arbitrable nor preempted by §§301.[5] Where there has been no clear, unmistakable waiver of the right to pursue claims in a judicial forum based on statute, the CBA cannot waive a union member's right to litigation.[6]

---

[5] In *Rymel v Save Mart Supermarkets, Inc.*, the court explained, "a CBA is an agreement between an employer and a union and thus *may* be construed to waive the rights of union members even without explicit, individual consent of each member. But such a waiver, if applied to statutory rights, must be "'clear and unmistakable.'" (*Wright v Universal Maritime Service Corp.*, (1998) 525 U.S. at p. 80, 119 S.Ct. 391; see *Vasserman* v. *Henry Mayo Memorial Hospital* (2017) 8 Cal.App.5th 236, 239, 213 Cal.Rptr.3d 480.) *Rymel*, 30 Cal. App. 5th 853, 859, 241 Cal. Rptr. 3d 832, 837 (2018).

[6] *Id*.

9

Plaintiff's right to a meal break does not arise exclusively from the CBA and thus prong one for preemption is not met according to *Burnside*.

Addressing the second prong - determining whether litigating the state law claim requires interpretation of the CBA – the court in *Cortes* noted that "interpretation" is a narrow, precise meaning more than 'referring to' or 'applying,' which means there must be an active dispute around the meaning of the contract terms.' *Id.* at *5. In the preemption context, the *Cortes* Defendant assumed Plaintiff's allegations invoked the CBA provisions even though the causes of action relied entirely on state law, and posited that preemption occurred at step two because the minimum wage claim required interpretation of "what constitutes compensable working time…when overtime rates apply…and under what circumstances additional compensation or penalties are required," because those provisions require interpretation of when the "Aggrieved Employees were under the control of the Defendant." *Id.* However, the *Cortes* court found that, "to the extent a CBA provision will ever be consulted in this litigation, because Plaintiff's first cause of action would merely require a court to apply provisions regarding compensation, *as opposed to interpret them*, the mere need to look to the CBA for damages computation is *no reason to hold the state-law claim defeated by §301*. *Id.* at *6, emphasis added.

Such is the case with the Mercer Fraser Collective Bargaining Agreement and Plaintiff Jonas' causes of action. The mere need to potentially look at the CBA is no reason to apply §301 LMRA preemption. There is no ambiguity alleged by Jonas' complaint, and the mere possibility of needing to "look to" the CBA for damages computation is no reason to hold the state law claim defeated by §301. *Livadas v. Bradshaw*, 512 U.S. 107 (1994) at 113. Defendant has not identified any CBA phrases, articles or words in dispute that must be examined through the lens of the LMRA.

**E.      Defendant's Reliance on *Curtis v. Irwin Industries* is Misplaced.**

*Curtis v. Irwin Industries*, which Defendant relies on, is inapplicable here for various reasons. First, the Ninth Circuit did not consider the preemption question, but instead decided remand to the district court would be the most appropriate to review the meal, rest, and minimum wage claims as well as his claims that the CBAs do not apply to his activities on the outer shelf. *Id.* 913 F.3d 1146 at 1156 (9th Cir. 2019). Second, the district court in *Curtis* found that there was a need to interpret the

CBA where *the* court needed to interpret the CBA to determine whether the plaintiff was off duty. In *Curtis*, the plaintiff, an employee on an offshore oil rig, worked seven days in a row with twelve-hour shifts on and off, except that he was unable to leave the oil rig during his "off-duty" but "on-rig" time. 913 F.3d 1146 (2019).  He made a range of claims for overtime and meal pay in accordance with California state law. He claimed that he was not paid correctly under California Labor Law, because he was not truly off duty and that the CBA did not define overtime akin to state law. The District Court held that this required interpretation of the CBA and as such, the state law claims should be preempted under §301 of the LMRA. *Id.* at 1151.

Unlike in *Curtis*, Plaintiff Jonas makes no such claims requiring interpretation of the CBA. Claims made on the basis of state law in which no CBA provisions are in dispute are not subject to preemption.

**V.    CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests the Court grant the Motion to Remand this PAGA action back to State court.

Respectfully Submitted,

Date: June 17, 2026

*/s/ Robert E. Morelli, III*
Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli, III
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

Colette Mahon (SBN 304745)
**LAWYERS FOR EMPLOYEE AND**
**CONSUMER RIGHTS, APC**

*Attorneys for Plaintiff, the State of California and Aggrieved Employees*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on June 17, 2026. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the Court's CM/ECF system.

Dated: June 17, 2026

*/s/ Robert E. Morelli, III*

12

PLAINTIFF'S MOTION TO REMAND PAGA ACTION
*Jonas v. Mercer, Fraser Company, et al.*, Case No. 1:26-cv-04666-PCP