SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Petersen Walrod (SBN 339521)
pwalrod@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant
MERCER, FRASER COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONAS, on behalf of himself and the Class Members,<br><br>Plaintiff,<br><br>v.<br><br>MERCER, FRASER COMPANY; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:26-CV-01216-VC<br><br>(Humboldt Superior Court, Case No. CV2502837)<br><br>**ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD BE RELATED PER LR 3-12 AND 7-11; AND DECLARATION OF PETERSEN D. WALROD**<br><br>Complaint Filed:    December 30, 2025 |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL:**

Pursuant to Civil Local Rules 3-12(b) and 7-11, Defendant MERCER, FRASER COMPANY ("Defendant") files this Administrative Motion to Consider Whether Cases Should Be Related. Defendant submits that the subsequently-filed action entitled *Steven Jonas v. Mercer, Fraser Company*, Case No. N.D. Cal. 5:26-cv-04666-PCP (the "PAGA Action")[1] is related to the instant action, *Steven Jonas v. Mercer, Fraser Company*, N.D. Cal. Case No. 3:26-CV-01216-VC (the "Class Action").

Civil Local Rule 3-12(a) provides that an action is related to another when: "(1) The allegations concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

These criteria are met here. The two actions involve substantially the same parties. In the PAGA Action, Plaintiff Steven Jonas ("Plaintiff") is the suing Defendant as a representative of the State of California on behalf of allegedly aggrieved employees; in the Class Action, the same Plaintiff is suing the same Defendant on behalf of potential class members. In both cases, Plaintiff brings nearly the same underlying legal claims against Defendant (albeit, in the PAGA Action, through the California Private Attorneys General Act). In the Class Action, these claims are for: (1) failure to pay overtime; (2) violations of California's meal period laws; (3) violations of California's rest beak laws; (4) failure to reimburse business expenses; (5) failure to provide timely and accurate wage statements; (6) waiting time penalties; and (7) unlawful business practices under California's unfair competition law (the "UCL"). In the PAGA Action, the underlying claims upon which Plaintif's PAGA claims are based are: (1) failure to pay overtime; (2) violations of California's meal and rest premium laws; (3) failure to reimburse business expenses; (4) failure to provide timely and accurate wage statements; (5) waiting time penalties; and (6) failure to timely pay wages. The only claims that are not identical are the Class Action's UCL claim, which cannot be brought under PAGA, and the PAGA Action's claim for failure to timely pay wages.

---

[1] See, Declaration of Petersen D. Walrod in Support of Defendant's Administrative Motion, ¶ 4, Ex. A (PAGA Action Complaint). The Court may take judicial notice of this filing pursuant to FRE 201.

2

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD BE RELATED PER LR 3-12 AND 7-11

325978537v.1

Therefore, both actions are subject to the same or almost entirely overlapping elements, proofs, and defenses (including, for example, the Labor Management Relations Act and the Federal Motor Carrier Safety Act, that Defendant raised in its Motion to Dismiss in the Class Action case). These defenses would apply equally to the Class Action and the PAGA Action under the California Labor Code section 2699(c)(1) as amended in 2024, which only permits a PAGA claim to be brought by an Aggrieved Employee who has "personally suffered each of the violations alleged during the period prescribed under Section 340 of the Code of Civil Procedure." In other words, the legal defenses that Defendant asserts in the Class Action would also be dispositive of the corresponding underlying claims as to the PAGA Action. Therefore, not relating the cases threatens the issuance of inconsistent holdings by different judicial officers within this district as to the same issues, including issues potentially dispositive of both cases. *See e.g.*, *Smith v. MV Transportation, Inc.*, No. 2:25-CV-08689-DSF-E, 2026 WL 205955, at *7 (C.D. Cal. Jan. 22, 2026) ("The Court agrees with Defendants that Smith may pursue civil penalties under PAGA for California Labor Code violations only to the extent that he personally suffered those violations. If Smith is exempt from state rest period law, he may not represent other aggrieved employees on that rest period claim.").

Thus, given that both actions concern substantially the same parties, the same underlying Labor Code claims, and substantially the same legal arguments and claims, there will be an unduly burdensome duplication of labor and expense, judicial resources, and potentially inconsistent results, if the two actions were to be conducted before different Judges. Accordingly, relating the PAGA Action and the Class Action will serve the interests of judicial economy and avoid the potential for conflicting results, consistent with Civil Local Rule 3-12(a).

Defendant attempted to reach a stipulation as to the relatedness of the cases with counsel for Plaintiff, but Plaintiff indicated they were "not agreeable" to so stipulate. See, Declaration of Petersen D. Walrod in Support of Defendant's Administrative Motion, ¶ 2, 3.

For these reasons, Defendant respectfully requests that this Court enter an order relating the PAGA Action with the Class Action.

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD
BE RELATED PER LR 3-12 AND 7-11

325978537v.1

DATED: June 18, 2026                                    SEYFARTH SHAW LLP


                                                By: /s/ Petersen D. Walrod
                                                    Ryan McCoy
                                                    Petersen Walrod
                                                    Attorney for Defendant
                                                    MERCER, FRASER COMPANY

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD
BE RELATED PER LR 3-12 AND 7-11

325978537v.1

## DECLARATION OF PETERSEN D. WALROD

I, Petersen D. Walrod declare and state as follows:

1.    I am an attorney duly admitted to practice before the courts of the State of California. I am an Associate with the law firm Seyfarth Shaw, attorneys of record in the above-titled action for Defendant Mercer, Fraser Company ("Defendant") as well as for *Steven Jonas v. Mercer, Fraser Company*, Case No. N.D. Cal. 1:26-cv-04666-PCP (the "PAGA Action"). I am familiar with the documents and pleadings on file in this action and have personal knowledge of the facts stated herein. If called and sworn as a witness, I could and would competently testify thereto.

2.    On May 28, 2026, I sent email correspondence to Plaintiff Steven Jonas's ("Plaintiff") counsel, requesting that Plaintiff stipulate that the PAGA Action is related to the instant action, *Steven Jonas v. Mercer, Fraser Company*, N.D. Cal. Case No. 3:26-CV-01216-VC (the "Class Action"). My email stated:

> Counsel,
>
> We wanted to discuss the possibility of relating the class action case (3:26-cv-01216-VC) and the PAGA case (5:26-cv-04666-pcp). Our view is that the two cases clearly satisfy N.D. Cal.'s definition of related cases under LR 3-12, and that it would be an unnecessary waste of judicial and party resources to have separate cases for each. We also think that, given LR 3-12(c) and (f), that it would be appropriate to refer the request to the class action because it is the lower-numbered case. Accordingly, we propose a stipulation of the following: (1) that the class action and PAGA cases are related; (2) that the parties jointly request for Judge Chhabria to deem the cases related; and (3) that the parties jointly request that the PAGA case be reassigned to Judge Chhabria pursuant to LR 3-12(f)(3).
>
> Please let us know if you would be amenable to this request, and we will prepare a stipulated administrative motion to deem the cases related. Thank you.
>
> Sincerely,
>
> Petersen

3.    On June 10, 2026, Plaintiff's counsel responded, stating that "We are not agreeable to the proposed stipulation." After I asked for clarification what the basis for their refusal to stipulate was, Plaintiff's counsel stated "To clarify, we are not agreeable at this time.  We intend to move to remand the PAGA case. If that is denied, then we can revisit the issue."

5

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD
BE RELATED PER LR 3-12 AND 7-11

325978537v.1

4.      A true and correct copy of the complaint filed by Plaintiff in the PAGA Action is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2026, in San Francisco, California.

By: /s/ Petersen D. Walrod

Petersen D. Walrod

6

ADMINISTRATIVE MOTION BY DEFENDANT TO CONSIDER WHETHER CASES SHOULD BE RELATED PER LR 3-12 AND 7-11

325978537v.1

# Exhibit A

Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Robert E. Morelli, III (SBN 363123)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

Colette Mahon, Esq. (SBN 181618)
**LAWYERS FOR EMPLOYEE AND**
**CONSUMER RIGHTS, APC**
3500 West Olive Ave., Third Floor
Burbank, CA 91505
Tel:  (323) 375-5101
Fax:  (323) 306-5571
cmahon@lfecr.com

*Attorneys for Plaintiff on behalf of the State of*
*California and Aggrieved Employees*

**FILED**

J.

F  MAR 0 6 2026

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF HUMBOLDT

| | |
|---|---|
| STEVEN JONAS,  on behalf of the State of California and Aggrieved Employees, | Case No. **C V 2 6 0 0 5 2 5** |
| Plaintiff, | **COMPLAINT FOR PENALTIES PURSUANT TO SECTIONS 2699(a) AND (f) OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT** |
| v. | |
| MERCER, FRASER COMPANY, and DOES 1 through 100 inclusive, | |
| Defendant(s). | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PENALTIES PURSUANT TO SECTIONS 2699(a) AND (f) OF THE CALIFORNIA LABOR
CODE PRIVATE ATTORNEYS GENERAL ACT
*Jonas, Steven v. Mercer, Fraser Co.*

Plaintiff Steven Jonas ("Plaintiff") on behalf of the State of California and Aggrieved Employees, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this enforcement action against Defendant Mercer, Fraser Company ("Mercer Fraser" or "Defendant") on behalf of the State of California to collect penalties as a result of Defendant's systematic violations of California labor law with respect to Defendant's hourly-paid, driver Aggrieved Employees, who are current and former workers employed by Defendant in California.

2. Plaintiff challenges Defendant's policies and practices of: (1) failing to pay Plaintiff and Aggrieved Employees overtime wages; (2) failing to provide or make available to Plaintiff and Aggrieved Employees the meal periods to which they are entitled by law, and failing to pay premium compensation payment for non-compliant meal breaks; (3) failing to authorize and permit rest periods, and failing to pay premium compensation payment for non-compliant rest periods; (4) failing to reimburse Plaintiff and Aggrieved Employees for necessary business expenses; (5) failing to provide Plaintiff and Aggrieved Employees with accurate, itemized wage statements; and (6) failing to pay Plaintiff and Aggrieved Employees all wages owed upon separation from employment.

3. Plaintiff, on behalf of the State of California, seeks to recover penalties, injunctive relief, and reasonable attorneys' fees for these violations pursuant to Sections 2699(a) and (f) of the California Labor Code Private Attorneys General Act ("PAGA").

## PARTIES

4. Plaintiff and Aggrieved Employees are all current and former non-exempt hourly employees of Defendant in the State of California.

5. Plaintiff is an individual over the age of eighteen and, at all times relevant to this Complaint, was a resident of the State of California.

6. Plaintiff was employed by Defendant, in this County, from approximately August 2024 until approximately June 12, 2025.

7. Plaintiff is informed, believes, and thereon alleges that Defendant Mercer, Fraser

1

Company is a California corporation with its principal place of business located in Eureka, California. Mercer Fraser is registered to do business in the State of California and does business in the State of California. Mercer Fraser may be served with process by serving its registered agent, Justin Zabel, 77 West 2nd Street, Eureka, California 95501.

8.    Plaintiff is informed, believes, and thereon alleges that Defendant employs and/or employed hundreds of workers like Plaintiff in California. Plaintiff is informed, believes, and thereon alleges that, in California, Defendant owns, operates, and/or manages facilities in this county. Plaintiff is informed, believes, and thereon alleges that Defendant employs Aggrieved Employees, among other hourly employees, in this County and throughout California.

9.    Plaintiff is informed, believes, and thereon alleges that Defendant employs Plaintiff and Aggrieved Employees because Defendant, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Aggrieved Employees.

10.   At all material times, Defendant has done business under the laws of California, has places of business in California, including in the jurisdiction of this court, and has employed Aggrieved Employees in this County and elsewhere in California. Defendant is a "person" as defined in Cal. Lab. Code § 18 and an "employer" as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours, and working conditions, and Cal. Bus. & Prof. Code § 17201.

## JURISDICTION AND VENUE

11.   Venue is proper in this County pursuant to Cal. Code Civ. Proc. § 393 and/or § 395.5. Defendant conducts business and employs Plaintiff and Aggrieved Employees in the County, and as a result, the causes of action asserted arose in whole or in part in the County.

12.   This Court has jurisdiction over Plaintiff's claims pursuant to the Cal. Lab. Code and the applicable IWC Wage Orders. The Court also has jurisdiction over Defendant because they are a corporation authorized to do business in the State of California, and because, in fact, do business and employ workers in the State of California.

## FACTUAL ALLEGATIONS

13.   Plaintiff Steven Jonas was employed by Defendant as a Truck Driver in Fortuna, California, from approximately August 2024 to June 12, 2025.

2

14.     Upon information and belief, Mercer, Fraser Company is a heavy civil construction company specializing in infrastructure projects such as roads, highways, bridges, and marine construction. They also produce and supply construction materials like aggregate, ready-mix concrete, and asphalt.

15.     Plaintiff's weekly hours vary, but on average, Plaintiff works approximately forty (40) hours per week, or more. Plaintiff and, upon information and belief, Aggrieved Employees, routinely work in excess of eight (8) hours in a day and in excess of forty (40) hours in a week.

16.     Plaintiff is informed, believes, and thereon alleges that Defendant employs and has employed hundreds of workers in California.

17.     Defendant pays Aggrieved Employees, including Plaintiff, on an hourly rate basis. Plaintiff was compensated at an hourly rate of $32.32.

18.     Aggrieved Employees are required to perform their jobs under Defendant's supervision using materials and technology approved and supplied by Defendant.

19.     Aggrieved Employees are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

20.     At the end of each pay period, Aggrieved Employees receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

21.     Plaintiff is informed, believes, and thereon alleges that Defendant's policies and practices have, at all relevant times, been similar for Plaintiff and Aggrieved Employees, regardless of location in California.

22.     Defendant denies Plaintiff and Aggrieved Employees proper compensation for all hours worked, including overtime wages.

23.     Despite routinely working more than eight (8) hours, twelve (12) hours or more per shift and/or more than 40 hours in a workweek, Plaintiff and Aggrieved Employees are not compensated at the rates required by the California Labor Code.

24.     Throughout the relevant statutory period, Defendant regularly requires Plaintiff and Aggrieved Employees to work shifts exceeding twelve hours, including extended hauling, loading,

3

COMPLAINT FOR PENALTIES PURSUANT TO SECTIONS 2699(a) AND (f) OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT
*Jonas Steven v. Mercer Fraser Co.*

waiting, and material-delivery duties, yet compensated them only at their regular and/or time-and-a-half overtime rates. By failing to pay double time for all hours worked over twelve in a day, Defendant systematically deprived Plaintiff and Aggrieved Employees of wages owed under California law, giving rise to claims for overtime wages.

25. Defendant regularly denies and fails to provide Plaintiff and Aggrieved Employees with compliant 30-minute uninterrupted meal periods before the end of the fifth hour of work. Defendant's policies, practices, and procedures prevent Plaintiff and Aggrieved Employees from taking their meal period prior to the end of their fifth hour of work. Due to business demands, Plaintiff and Aggrieved Employees are not relieved for their 30-minute meal periods prior to the fifth hour of work. Defendant requires Plaintiff and Aggrieved Employees to clock out for their meal break prior to the fifth hour of work but continue working for the benefit of Defendant. In particular, Plaintiff and Aggrieved Employees continue to drive Defendant's trucks to deliver cement, asphalt, and other construction material. This results in the Plaintiff and Aggrieved Employees not being provided with compliant 30-minute off-duty meal periods prior to their fifth hour of work. As a result, Plaintiff and Aggrieved Employees are not provided duty-free, uninterrupted, and timely thirty-minute meal periods during which they should be completely relieved of any duty.

26. For each day Plaintiff and Aggrieved Employees work shifts over ten hours, Defendant regularly denies and fails to provide Plaintiff and Aggrieved Employees with compliant second 30-minute uninterrupted meal periods before the end of the tenth hour of work. Defendant's policies, practices, and procedures prevent Aggrieved Employees from taking a second meal period at any time.

27. Whenever Plaintiff and Aggrieved Employees are entitled to a second meal period, Defendant requires Plaintiff and Aggrieved Employees to work the entirety of their shift without a second meal period. Defendant does not give Plaintiff and Aggrieved Employees the option to take a second meal period on days where they work over ten (10) hours. Thus, Plaintiff and Aggrieved Employees do not receive requisite premium payments for these missed second meal breaks.

28. Defendant fails to pay Plaintiff and Aggrieved Employees meal period premiums to which they are entitled for these missed, late, and otherwise non-compliant first and second meal

4

COMPLAINT FOR PENALTIES PURSUANT TO SECTIONS 2699(a) AND (f) OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT

breaks.

29. Defendant also fails to authorize or permit off-duty, paid rest periods of at least 10 minutes of rest time for every 4 hours of work. Defendant's strict time windows and work expectations do not permit Plaintiff and Aggrieved Employees an opportunity to rest, while off-duty, for 10 minutes during each 4-hour work period or major fraction thereof.

30. Defendant fails to pay Plaintiff and Aggrieved Employees rest period premiums to which they are entitled for these missed, late, and otherwise non-compliant rest breaks.

31. Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these meal and rest break policies and practices across all of Defendant's worksites and operations throughout California.

32. Defendant fails to indemnify Plaintiff and Aggrieved Employees for all necessary expenditures or losses incurred by them in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of Defendant. Plaintiff and Aggrieved Employees are required to use their personal cell phone in the performance of their work duties, such as completing pre-trip truck inspections, communicating with management, and pulling GPS locations for deliveries. However, Defendant does not reimburse Plaintiff and Aggrieved Employees for such expenses.

33. Defendant's failure to pay all wages owed, including overtime wages, also results in a failure to provide Aggrieved Employees, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendant provides are not accurate because they do not reflect payment for all overtime/double time wages, premium pay for missed meal breaks, rest breaks, and reimbursement for business expenses paid to Plaintiff and Aggrieved Employees.

34. Defendant does not provide Plaintiff and Aggrieved Employees with full payment of all wages owed at the end of employment. These workers are owed wages when their employment ends. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant is subject to waiting time penalties under the California Labor Code.

35. Specifically, Defendant failed to pay Plaintiff and Aggrieved Employees their

5

COMPLAINT FOR PENALTIES PURSUANT TO SECTIONS 2699(a) AND (f) OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT

respective earned wages, including earned premium wages for missed or noncompliant meal and rest periods, within the required time period.

36.    On information and belief, Aggrieved Employees report to locations owned, operated, or managed by Defendant to perform their jobs.

37.    Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to Aggrieved Employees and throughout Defendant's operations in the State of California. All violations alleged herein are continuing and ongoing.

38.    Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has also been malicious, fraudulent, and/or oppressive.

### FIRST CAUSE OF ACTION

**Penalties Pursuant to Cal. Lab. Code § 2699(f)**

**(Failure to Pay Overtime Premiums)**

**(On Behalf of the State of California and Aggrieved Employees)**

39.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

40.    Cal. Lab. Code § 2699(f) provides:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

41.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

42.    IWC Wage Orders 9-2001(2)(G) and 16-2001(2)(J) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

43.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under

6

conditions that violate the Wage Orders.

44.    Cal. Lab. Code § 510 provides, in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

45.    Cal. Lab. Code § 1194 provides, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

46.    Defendant's policies and practices result in payment of wage and overtime violations.

47.    To the extent that any violation alleged herein does not carry penalties under Cal. Lab. Code § 2699(a), Plaintiff seeks civil penalties pursuant to Cal. Lab. Code § 2699(f) for each pay period in which Plaintiff and an Aggrieved Employee were aggrieved, in the amounts established by Cal. Lab. Code § 2699(f). Plaintiff seeks penalties pursuant to Cal. Lab. Code § 2699(f) for Plaintiff and Aggrieved Employees for violations of Cal. Lab. Code provisions including, but not limited to, Cal. Lab. Code §§ 510 1194, 1198, IWC Wage Orders 9-2001, 16-2001, and any other violation alleged herein which does not carry penalties under Cal. Lab. Code § 2699(a).

48.    Pursuant to Cal. Lab. Code §§ 2699.3(a)(1) and (2), on December 29, 2025, Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim. On December 29, 2025, Plaintiff mailed Defendant a copy of such notice via certified mail. At least sixty-five (65) calendar days have passed without response from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with Cal. Lab. Code § 2699.3(a).

49.    Plaintiff seeks the aforementioned penalties on behalf of the State, other Aggrieved

7

COMPLAINT FOR PENALTIES PURSUANT TO SECTIONS 2699(a) AND (f) OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT
*Jonas Steven v. Mercer Fraser Co.*

Employees, and himself as set forth in Cal. Lab. Code § 2699(g)(1).

50. Defendant is liable to Plaintiff, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

51. Wherefore, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### Penalties Pursuant to Cal. Lab. Code § 2699(f)

### (Meal and Rest Period Premiums)

### (On Behalf of the State of California and Aggrieved Employees)

52. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

53. Cal. Lab. Code § 2699(f) provides:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

54. Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

55. Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

56. Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Orders 9-2001 and 16-2001 require Defendants to authorize, permit, and/or make available timely and compliant meal to their employees. Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Orders 9-2001 and 16-2001 prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty (30) minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes.

57. Cal. Lab. Code § 226.7 and IWC Wage Orders 9-2001 and 16-2001 require

8

Defendants to pay employees one additional hour of pay at their regular rate of compensation for each workday that a timely, compliant meal or rest period is not provided.

58.    Defendant's policies and practices result in meal and rest periods violations and Defendant's failure to pay proper premium payments for non-compliant meal and rest breaks.

59.    To the extent that any violation alleged herein does not carry penalties under Cal. Lab. Code § 2699(a), Plaintiff seeks civil penalties pursuant to Cal. Lab. Code § 2699(f) for each pay period in which Plaintiff and Aggrieved Employees was aggrieved, in the amounts established by Cal. Lab. Code § 2699(f). Plaintiff seeks penalties pursuant to Cal. Lab. Code § 2699(f) for Plaintiff and Aggrieved Employees for violations of Cal. Lab. Code provisions including, but not limited to, Cal. Lab. Code §§ 226.7, 512, 1198, IWC Wage Orders 9-2001 and 16-2001, and any other violation alleged herein which does not carry penalties under Cal. Lab. Code § 2699(a).

60.    Pursuant to Cal. Lab. Code §§ 2699.3(a)(1) and (2), on December 29, 2025, Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim. On December 29, 2025, Plaintiff mailed Defendant a copy of such notice via certified mail. At least sixty-five (65) calendar days have passed without response from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with Cal. Lab. Code § 2699.3(a).

61.    Plaintiff seeks the aforementioned penalties on behalf of the State, other Aggrieved Employees, and himself as set forth in Cal. Lab. Code § 2699(g)(1).

62.    Defendant is liable to Plaintiff, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

63.    Wherefore, Plaintiff requests relief as hereinafter provided.

/ / /

/ / /

/ / /

/ / /

/ / /

9

## THIRD CAUSE OF ACTION

### Penalties Pursuant to Cal. Lab. Code § 2699(f)

### (Failure to Reimburse Business Expenses)

### (On Behalf of the State of California and Aggrieved Employees)

64.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

65.     Cal. Lab. Code § 2699(f) provides:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

66.     Cal. Lab. Code § 2802(a) provides as follows:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. Defendant's policies and practices result in failure to reimburse for all business expenses incurred by Plaintiff and Aggrieved Employees as set forth in § 2802.

67.     To the extent that any violation alleged herein does not carry penalties under Cal. Lab. Code § 2699(a), Plaintiff seeks civil penalties pursuant to Cal. Lab. Code § 2699(f) for each pay period in which Plaintiff and Aggrieved Employees was aggrieved, in the amounts established by Cal. Lab. Code § 2699(f). Plaintiff seeks penalties pursuant to Cal. Lab. Code § 2699(f) for Plaintiff and Aggrieved Employees for violations of Cal. Lab. Code provisions including, but not limited to, Cal. Lab. Code § 2802, IWC Wage Orders 9-2001 and 16-2001, and any other violation alleged herein which does not carry penalties under Cal. Lab. Code § 2699(a).

68.     Pursuant to Cal. Lab. Code §§ 2699.3(a)(1) and (2), on December 29, 2025, Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim. On December 29, 2025, Plaintiff mailed Defendant a copy of such notice via certified mail. At least sixty-five (65) calendar days have passed without response from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with Cal. Lab.

10

Code § 2699.3(a).

69.    Plaintiff seeks the aforementioned penalties on behalf of the State, other Aggrieved Employees, and himself as set forth in Cal. Lab. Code § 2699(g)(1).

70.    Defendant is liable to Plaintiff, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

71.    Wherefore, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**Penalties Pursuant to Cal. Lab. Code § 2699(a)**

**(Failure to Provide True and Accurate Itemized Wage Statements)**

**(On Behalf of the State of California and Aggrieved Employees)**

72.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

73.    Cal. Lab. Code § 2699(a) provides:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and to other current or former employees.

74.    Cal. Lab. Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to their employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

11

75. Cal. Lab. Code § 226(e)(1) provides, in relevant part:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

76. Cal. Lab. Code § 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

77. Cal. Lab. Code § 226 also requires employers to keep records required to be maintained under § 226(a) for at least three (3) years.

78. Cal. Lab. Code § 1174(d) provides, in relevant part:

[Employers shall] [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission...

79. Cal. Lab. Code § 1174.5 provides, in relevant part:

Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

80. IWC Wage Orders 9-2001, Section 7, and 16-2001, Section 6, provides, in relevant part:

(A) Every employer shall keep accurate information with respect to each employee including the following:

(3) ... Time records showing when the employee begins and ends each work period....

(4) Total wages paid each payroll period...

(5) Total hours worked during the payroll period and applicable rates of pay...

(B) Every employer who has control over wages, hours, or working conditions shall semimonthly or at the time of each payment of wages furnish each employee an

12

itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item. (See Labor Code Section 226.) This information shall be furnished either separately or as a detachable part of the check, draft, or voucher paying the employee's wages....

81.    Defendant's policies and practices result in failure to issue compliant itemized wage statements containing all of the information required under Cal. Lab. Code § 226 and to maintain all records required under Cal. Lab. Code §§ 226 and 1174.

82.    Plaintiff seeks penalties pursuant to Cal. Lab. Code § 2699(a) for each pay period in which Plaintiff and an Aggrieved Employee were aggrieved, in the amounts established by those sections, including but not limited to penalties under Cal. Lab. Code §§ 226.3, 226(e)(1), and 1174.5. Plaintiff seeks penalties pursuant to Cal. Lab. Code § 2699(a) for Plaintiff and Aggrieved Employees for each failure by Defendant, alleged above, to provide Plaintiff and Aggrieved Employees an accurate, itemized wage statement in compliance with Cal. Lab. Code § 226(a). Plaintiff also seeks civil penalties pursuant to Cal. Lab. Code § 2699(a) for each failure by Defendants, alleged above, to maintain records in compliance with Cal. Lab. Code §§ 226 and 1174 and IWC Wage Orders 9-2001 and 16-2001.

83.    Pursuant to Cal. Lab. Code §§ 2699.3(a)(1) and (2), on December 29, 2025, Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim. On December 29, 2025, Plaintiff mailed Defendant a copy of such notice via certified mail. At least sixty-five (65) calendar days have passed without response from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with Cal. Lab. Code § 2699.3(a).

84.    Plaintiff seeks the aforementioned penalties on behalf of the State, other Aggrieved Employees, and himself as set forth in Cal. Lab. Code § 2699(g)(1).

85.    Defendant is liable to Plaintiff, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

86.    Wherefore, Plaintiff requests relief as hereinafter provided.

13

## FIFTH CAUSE OF ACTION

### Penalties Pursuant to Cal. Lab. Code § 2699(a)

### (Waiting Time Penalties)

### (On Behalf of the State of California and Aggrieved Employees)

87.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

88.     Cal. Lab. Code § 2699(a) provides:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and to other current or former employees.

89.     Cal. Lab. Code §§ 201 and 202 require employers to immediately pay wages earned and unpaid to an employee that is discharged, and to pay an employee who quits within 72 hours after he or she quits, at the latest.

90.     Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employees shall continue as a penalty from the due date thereof at the same rate paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

91.     Cal. Lab. Code § 256 provides: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days' pay as waiting time under the terms of Section 203."

92.     Plaintiff seeks civil penalties pursuant to Cal. Lab. Code § 2699(a) for each failure by Defendant, as alleged above, to timely pay all wages owed to Plaintiff and the Aggrieved Employees in compliance with Cal. Lab. Code §§ 201-202 and in the amounts established by Cal. Lab. Code §§ 203 and 256.

93.     Cal. Lab. Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to their employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-

14

rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

94.     Cal. Lab. Code § 226(e)(1) provides, in relevant part:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

95.     Cal. Lab. Code § 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

96.     Pursuant to Cal. Lab. Code §§ 2699.3(a)(1) and (2), on December 29, 2025, Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim. On December 29, 2025, Plaintiff mailed Defendant a copy of such notice via certified mail. At least sixty-five (65) calendar days have passed without response from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with Cal. Lab. Code § 2699.3(a).

97.     Plaintiff seeks the aforementioned penalties on behalf of the State, other Aggrieved Employees, and himself as set forth in Cal. Lab. Code § 2699.

98.     Defendant is liable to Plaintiff, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

99.     Wherefore, Plaintiff requests relief as hereinafter provided.

///

15

## SIXTH CAUSE OF ACTION

### Penalties Pursuant to Cal. Lab. Code § 2699(f)

### (Failure to Pay Wages Timely)

### (On Behalf of the State of California and Aggrieved Employees)

100.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

101.    Cal. Lab. Code § 2699(f) provides:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

102.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

103.    Cal. Lab. Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…." and "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

104.    IWC Wage Orders 9-2001(2)(G) and 16-2001(2)(J) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

105.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

106.    Pursuant to Cal. Lab. Code § 210, any employer who fails to pay wages in the time prescribed by Cal. Lab. Code § 204 is subject to civil penalties of one hundred dollars ($100) for each initial violation for each employee, and two hundred dollars ($200) for each subsequent or

16

willful violation for each employee, plus 25% of the amount unlawfully withheld. Defendant's failure to timely pay wages to Plaintiff and Aggrieved Employees, subjects Defendant to these penalties. Plaintiff seeks to recover civil penalties under Cal. Lab. Code § 210 pursuant to PAGA, Cal. Lab. Code §§ 2698, *et seq*.

107.    To the extent that any violation alleged herein does not carry penalties under Cal. Lab. Code § 2699(a), Plaintiff seeks civil penalties pursuant to Cal. Lab. Code § 2699(f) for each pay period in which Plaintiff and Aggrieved Employees were aggrieved, in the amounts established by Cal. Lab. Code § 2699(f). Plaintiff seeks penalties pursuant to Cal. Lab. Code § 2699(f) for Plaintiff and Aggrieved Employees for violations of Cal. Lab. Code provisions including, but not limited to, Cal. Lab. Code §§ 204, 1198, IWC Wage Orders 9-2001 and 16-2001, and any other violation alleged herein which does not carry penalties under Cal. Lab. Code § 2699(a).

108.    Pursuant to Cal. Lab. Code §§ 2699.3(a)(1) and (2), on December 29, 2025, Plaintiff provided the LWDA with notice of his intention to file this claim. On December 29, 2025, Plaintiff mailed Defendant a copy of such notice via certified mail. At least sixty-five (65) calendar days have passed without response from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with Cal. Lab. Code § 2699.3(a).

109.    Plaintiff seeks the aforementioned penalties on behalf of the State, other Aggrieved Employees, and himself as set forth in Cal. Lab. Code § 2699(g)(1).

110.    Defendant is liable to Plaintiff, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

111.    Wherefore, Plaintiff requests relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

1.    For the Court to declare, adjudge, and decree that Defendant has violated the Cal. Lab. Code as alleged herein;

2.    For an order awarding the State of California, Plaintiff, and Aggrieved Employees civil penalties provided under the PAGA;

17

3.    For injunctive relief, prohibiting Defendant from continuing their police and practices determined to be violations of the Cal. Lab. Code;

4.    For an award of reasonable attorneys' fees as provided by the Cal. Lab. Code §§ 2699(g)(1), 2699(k)(1); Cal. Code Civ. Proc. § 1021.5; and/or any other applicable law;

5.    For all costs of suit; and

6.    For such other and further relief as this Court deems just and proper.

Dated: March 5, 2026                                Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli, III
**SCHNEIDER WALLACE
COTTRELL KIM LLP**

Colette Mahon, Esq.
**LAWYERS FOR EMPLOYEE AND
CONSUMER RIGHTS, APC**

*Attorneys for Plaintiff, on behalf of the State of
California and Aggrieved Employees*

COMPLAINT FOR PENALTIES PURSUANT TO SECTIONS 2699(a) AND (f) OF THE CALIFORNIA LABOR
CODE PRIVATE ATTORNEYS GENERAL ACT
*Jonas Steven v. Mercer Fraser Co.*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: March 5, 2026          Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli
**SCHNEIDER WALLACE COTTRELL KIM LLP**

Colette Mahon, Esq.
**LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS, APC**

*Attorneys for Plaintiff, on behalf of the State of California and Aggrieved Employees*

19

COMPLAINT FOR PENALTIES PURSUANT TO SECTIONS 2699(a) AND (f) OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT
*Jonas, Steven v. Mercer, Fraser Co.*