SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Petersen Walrod (SBN 339521)
pwalrod@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
MERCER, FRASER COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONAS, on behalf of the State of California and Aggrieved Employees,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCER, FRASER COMPANY; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 3:26-cv-04666-vc<br><br>(Humboldt Superior Court, Case No. CV2600525)<br><br>**DEFENDANT MERCER, FRASER COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PAGA ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date: August 13, 2026<br>Time: 10:00 A.M.<br><br><br>Complaint Filed:        March 6, 2026<br>Complaint Served:    April 16, 2026 |

326771310v.3

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   DISCUSSION .................................................................................................................... 2

    A.   Complete Preemption Under The LMRA Creates Federal Question Jurisdiction............. 2

        1.   Legal Standard For Complete Preemption And Federal Jurisdiction. .................... 2

        2.   Because The Motion Concedes That The CBA Applies, Complete Preemption Creates A Corollary To The Well-Pleaded Complaint Rule. .............. 3

        3.   Binding Law And Policy Reasons Compel Revisiting *Sica*'*s* Construction Of *Curtis*. ....................................................................................................... 5

            a.   *Sica* Is Contrary To *Curtis*'*s* Binding Ruling On Jurisdiction................... 5

            b.   *Sica* Is Contrary To Supreme Court Precedent And Congress' Intent Behind the LMRA. ...................................................................... 7

    B.   The Motion Also Fails Because It Fails To Address The FMCSA. ............................... 10

    C.   The Motion's Other Arguments Fail.................................................................. 11

        1.   PAGA Claims Are Not Treated Differently For Purposes Of This Analysis.................................................................................................. 11

        2.   No "Clear And Unmistakable Waiver" Is Required. .......................................... 11

        3.   The Motion Otherwise Fails To Rebut Mercer's Showing.................................. 12

III.  CONCLUSION.............................................................................................................. 13

---

i

## **<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Federal Cases**

*Aetna Health Inc. v. Davila*,
   542 U.S. 200 (2004)...................................................................................................................... 9

*Alaska Airlines Inc. v. Schurke*,
   898 F.3d 904 (9th Cir. 2018) ....................................................................................................... 8

*Alexander v. Bio-Pac., LLC*,
   No. 2:23-CV-00139-SPG-PD, 2023 WL 2573866 (C.D. Cal. Mar. 20, 2023).................................. 1

*Allis-Chalmers Corp. v. Lueck*,
   471 U.S. 202 (1985).................................................................................................................. 8, 9

*Allmaras v. Univ. Mech. & Eng'g Contractors, Inc.*,
   757 F. Supp. 3d 1094 (S.D. Cal. 2024).......................................................................................... 6

*Beneficial Nat. Bank v. Anderson*,
   539 U.S. 1 (2003)..................................................................................................................... 9, 10

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987)............................................................................................................... 2, 3, 7

*Chatman v. WeDriveU, Inc.*,
   No. 3:22-CV-04849-WHO, 2022 WL 15654244 (N.D. Cal. Oct. 28, 2022) .................................. 11

*Coria v. Recology, Inc.*,
   63 F. Supp. 3d 1093 (N.D. Cal. 2014) ........................................................................................... 3

*Curtis v. Irwin Indus., Inc.*,
   913 F.3d 1146 (9th Cir. 2019) .............................................................................................*passim*

*Franco v. E-3 Sys.*,
   No. 4:19-cv-01453-HSG, 2019 WL 6358947 (N.D. Cal. Nov. 8, 2019)..................................... 4, 11

*Garcia v. Pac. Gas & Elec. Co.*,
   No. 24-CV-04150-VC, 2024 WL 4209519 (N.D. Cal. Sept. 17, 2024) ........................................... 5

*Hernandez v. Pac. Underground Constr., Inc.*,
   794 F. Supp. 3d 696 (N.D. Cal. 2025) ....................................................................................... 1, 3

*Hussein v. Marin Gen. Hosp.*,
   No. 24-CV-06296-KAW, 2025 WL 56416 (N.D. Cal. Jan. 9, 2025) ............................................... 6

*Jimenez v. Young's Mkt. Co., LLC*,
   No. 21-CV-02410-EMC, 2021 WL 5999082 (N.D. Cal. Dec. 20, 2021).......................................... 7

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
   832 F.3d 1024 (9th Cir. 2016) ................................................................................................... 4, 5

ii

*Lainez v. Wilhelm, LLC*,
    No. 4:23-CV-04421-KAW, 2024 WL 4291857 (N.D. Cal. Sept. 25, 2024) ................................... 6

*Martinez v. Omni Hotels Mgmt. Corp.*,
    514 F. Supp. 3d 1227 (S.D. Cal. 2021) .............................................................................. 2, 3, 11

*Mendoza Garibay v. Bulwark Constr., Inc.*,
    No. 25CV3643-W-GC, 2026 WL 1133704 (S.D. Cal. Apr. 27, 2026) ........................................... 2

*Meraz v. Republic Nat'l Distrib. Co., LLC*,
    No. CV 25-12199-MWF(SK), 2026 WL 1021122 (C.D. Cal. Apr. 14, 2026) .................................. 6

*Metro. Life Ins. Co. v. Taylor*,
    481 U.S. 58 (1987) .................................................................................................................. 2, 3, 6

*Moore v. Util. Traffic Control Servs., Inc.*,
    No. 25-CV-06975-AGT, 2026 WL 686593 (N.D. Cal. Mar. 11, 2026) ........................................... 6

*Nordman v. Bon Appetit Mgmt. Co.*,
    No. 23-CV-00703-DMR, 2023 WL 3006563 (N.D. Cal. Apr. 18, 2023) .......................................... 7

*Parker v. St. Mary Med. Ctr.*,
    No. 5:25-CV-03257-WLH-PVC, 2026 WL 524046 (C.D. Cal. Feb. 25, 2026) ............................... 6

*Pierce v. Air Sys., Inc.*,
    No. 4:25-CV-10609-KAW, 2026 WL 497489 (N.D. Cal. Feb. 23, 2026) ........................................ 6

*Radcliff v. San Diego Gas & Elec. Co.*,
    519 F. Supp. 3d 743 (S.D. Cal. 2021) .............................................................................*passim*

*Radford v. Nexstar Broad., Inc.*,
    No. 24-CV-08118-RFL, 2025 WL 829601 (N.D. Cal. Mar. 14, 2025) ............................................ 6

*Razo v. Cemex Constr. Materials Pac., LLC*,
    No. CV 20-11175-MWF (KSX), 2021 WL 325638 (C.D. Cal. Feb. 1, 2021) ................................ 10

*Shanley v. Tracy Logistics LLC*,
    756 F. Supp. 3d 820 (E.D. Cal. 2024) ........................................................................................ 7, 10

*Shwiyhat v. Martin Marietta Materials, Inc.*,
    No. 3:23-CV-00283-JSC, 2023 WL 6626129 (N.D. Cal. Oct. 10, 2023) ...................................... 10

*Sica v. Silicon Valley Mech., Inc.*,
    No. 26-CV-00180-VC, 2026 WL 1379906 (N.D. Cal. May 13, 2026) ...................................*passim*

*Steelworkers v. Warrior & Gulf Navigation Co.*,
    363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ...................................................................... 8

*Sykes v. F.D. Thomas, Inc.*,
    No. 20-CV-03616-VC, 2021 WL 343960 (N.D. Cal. Feb. 2, 2021) ................................................. 5

*Teamsters v. Lucas Flour Co.*,
    369 U.S. 95 (1962) ............................................................................................................................ 8

iii

*Textile Workers Union of Am. v. Lincoln Mills of Ala.*,
    353 U.S. 448 (1957)..................................................................................................................... 8

*Zamani v. Carnes*,
    491 F.3d 990 (9th Cir. 2007) ..................................................................................................... 11

**State Cases**

*Vasserman v. Henry Mayo Newhall Mem'l Hosp.*,
    8 Cal. App. 5th 236 (2017) ........................................................................................................ 11

*Vranish v. Exxon Mobil Corp.*,
    223 Cal. App. 4th 103 (2014) ...................................................................................................... 9

**Federal Statutes**

29 U.S.C. § 185(a) ............................................................................................................................ 7

Federal Motor Carrier Safety Act ................................................................................... 1, 10, 11, 13

**State Statutes**

California Labor Code § 510 ................................................................................................ 2, 4, 9, 12

California Labor Code § 510(a) .......................................................................................................... 1

California Labor Code § 511 ............................................................................................................. 12

California Labor Code § 512 ....................................................................................................... 3, 12

California Labor Code § 512(a) ...................................................................................................... 1, 3

California Labor Code § 512(e) ..................................................................................................... 1, 12

California Labor Code § 514 .....................................................................................................*passim*

Labor and Management Relations Act ......................................................................................*passim*

LMRA § 301 .............................................................................................................................*passim*

National Bank Act............................................................................................................................. 9

Outer Continental Shelf Lands Act................................................................................................... 5

DEFENDANT MERCER, FRASER COMPANY'S OPPOSITION TO REMAND MOTION

326771310v.3

## I.    INTRODUCTION

Plaintiff Steven Jonas's ("Plaintiff") Motion to Remand (the "Motion") should be denied. It is undisputed that a collective bargaining agreement (the "CBA") governed Plaintiff's employment with Defendant Mercer, Fraser Company ("Mercer"). And the Motion does not substantially dispute Mercer's contention, via its Notice of Removal, that the CBA satisfies California Labor Code section 514, section 512(e), and IWC Wage Order Section 11(D) or (E), and thus, exempts Mercer from the requirements of California's overtime (California Labor Code section 510(a)), meal period (California Labor Code section 512(a)) and rest period (IWC Wage Order Section 11(a), respectively.

Under these circumstances, the "overwhelming majority" of district courts[1] have held—based on binding 9th Circuit precedent—that federal question jurisdiction exists because these claims are completely preempted by the Labor and Management Relations Act (the "LMRA").

This case is distinguishable from cases like *Sica v. Silicon Valley Mech., Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906, at *1 (N.D. Cal. May 13, 2026) and *Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696, 705 (N.D. Cal. 2025), and is squarely controlled by *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019), because the Motion concedes that "[t]here is a Collective Bargaining Agreement ("CBA") which covers the employees of Mercer Fraser Company and the class [sic] within this action." Motion, 1:4-5. Accordingly, remand must be denied under the controlling precedent of *Curtis*.

The Motion also fails for a separate reason: the Motion fails to address federal question jurisdiction under the Federal Motor Carrier Safety Act ("FMCSA"), the alternate ground for jurisdiction presented in Defendant's Notice of Removal. Having failed to dispute this basis for federal jurisdiction, this argument is forfeited by Plaintiff.

The Motion's remaining arguments also lack merit. Notwithstanding the Motion's argument to the contrary, courts do not assess PAGA claims differently than the underlying Labor Code claims for purposes of LMRA preemption. Nor do they (or the applicable exemptions) require a "clear and

---

[1] *Alexander v. Bio-Pac., LLC*, No. 2:23-CV-00139-SPG-PD, 2023 WL 2573866, at *3-4 (C.D. Cal. Mar. 20, 2023) (in full, "an overwhelming majority of courts have applied *Curtis* to exercise original jurisdiction over claims covered by CBAs compliant with section 514.")

1

326771310v.3

unmistakable waiver," which is a standard that only applies to compelling arbitration under a CBA. And, the Motion does not meaningfully dispute that the CBA satisfies the applicable statutory exemptions.

Accordingly, the Court should deny the Motion.

## II. DISCUSSION

### A. Complete Preemption Under The LMRA Creates Federal Question Jurisdiction.

#### 1. Legal Standard For Complete Preemption And Federal Jurisdiction.

The "well-pleaded complaint rule" is a textbook rule of federal civil procedure. "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). This doctrine is not Constitutional in nature, but instead, arises from statute. *Id*. at 392-393.

However, an "independent corollary to the well-pleaded complaint rule" is the "complete pre-emption doctrine." *Id*. at 393 (cleaned up). In certain situations, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Id*. (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

"The complete pre-emption corollary to the well-pleaded complaint rule is applied …  in cases raising claims pre-empted by § 301 of the LMRA." *Caterpillar*, 482 U.S. 386 at 393. "[O]nce an area of state law has been completely preempted, any state law claims are considered from their inception to be federal claims and therefore arise under federal law." *Mendoza Garibay v. Bulwark Constr., Inc.*, No. 25CV3643-W-GC, 2026 WL 1133704, at *2 (S.D. Cal. Apr. 27, 2026). Therefore, "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). As a result, "preemption attaches to a CBA dispute dressed in state law garb." *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1236 (S.D. Cal. 2021) ("If the requirements of § 514 are satisfied, then Plaintiffs' overtime allegations are preempted.")

Specifically, a claim for overtime under section 510 of the California Labor Code, where a collective bargaining agreement satisfies the requirements of section 514 of the California Labor Code,

DEFENDANT MERCER, FRASER COMPANY'S OPPOSITION TO REMAND MOTION

is such a "CBA dispute dressed in state law garb." *Curtis*, 913 F.3d at 1151; *Martinez*, 514 F. Supp. 3d at 1236. The same is true for California's meal and rest period laws. *See e.g.*, *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1098 (N.D. Cal. 2014) ("there is no question that plaintiff cannot assert any failure to provide meal periods claim against Recology that is based on California Labor Code Section 512(a), which is the purported state law basis for that claim. Instead, his only basis for such a claim will necessarily be the meal period provisions of his collective bargaining agreement.")

### 2.    Because The Motion Concedes That The CBA Applies, Complete Preemption Creates A Corollary To The Well-Pleaded Complaint Rule.

The Motion argues that "[d]efenses based on the terms of a collective bargaining agreement ("CBA") cannot create preemption or federal question subject matter jurisdiction, even for employees covered by a CBA which falls within the provisions of Labor Code §§ 512 and 514." Motion, 3:28 – 4:3. However, this generalization is not true in the case of LMRA preemption: "§ 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *Caterpillar*, 482 U.S. at 393 (same).

Crucially, the Motion concedes that "[t]here is a Collective Bargaining Agreement ("CBA") which covers the employees of Mercer Fraser Company and the class [sic] within this action." Motion, 1:4-5. Mercer's Notice of Removal also presented undisputed evidence that Plaintiff was covered by a collective bargaining agreement. *See*, Notice of Removal, ¶ 13; Declaration of Justin Zabel in Support of Removal, ¶ 8. This is the exact same concession that supported the reasoning of the Ninth Circuit in *Curtis*. *Curtis*, 913 F.3d at 1151 ("Curtis conceded the applicability of the CBAs in his motion to reconsider reply brief, the district court did not consider Curtis's claims in light of this concession."). Indeed, this Court also noted this distinction in *Sica v. Silicon Valley Mech., Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906, at *1, fn. 1 (N.D. Cal. May 13, 2026) ("It is worth noting that 'Sica does not and has never conceded that the CBA that Defendant asserts control his claims is applicable.' "(citing plaintiff's briefing)); *see also*, *Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696, 705 (N.D. Cal. 2025) ("Crucially, Curtis conceded that the relevant CBA applied to his claims… Unlike Curtis,

3

Hernandez does not concede that the CBA applies to his claims, and he does not concede that the CBA satisfies the Labor Code exemptions' requirements.")

This admission is crucial because, where a CBA applies, California's overtime statute is a "default definition of overtime and overtime rates [that] does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1154 (citing *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) ("If Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301.") As another court explained, "[t]he core of *Curtis's* logic is that section 510 creates a negotiable right to overtime wages; therefore, if an employee negotiates away this right by entering into a qualifying CBA, the employee's right to overtime wages necessarily derives from the CBA, not California law." *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021).

Therefore, Plaintiff's claim for overtime (and his claims for meal and rest period violations) must be reconstrued as a claim under the CBA. The fact that Plaintiff did not plead the CBA in his complaint is irrelevant. "[N]either Plaintiff's neglect in mentioning the CBA in his complaint, nor his refusal to explicitly concede the CBA applies to him in the first place, is dispositive because Plaintiff does not challenge [Mercer's] contention that the CBA governs his employment." *Radcliff*, 519 F. Supp. 3d at 750. *See also Franco v. E-3 Sys.*, No. 4:19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) ("Plaintiff does not challenge the substance of the CBAs, but instead argues that Curtis is distinguishable because 'in that matter plaintiff conceded that the CBA is applicable to plaintiff.' . . . But Plaintiff does not (and apparently cannot) dispute that his employment is governed by the CBAs, so the absence of an express concession is of no consequence.") For the same reason, the Motion's argument that Plaintiff's claim exists "independently of the CBA" fails. Motion, 6:13.

It is undisputed that Plaintiff was subject to a collective bargaining agreement. It is also undisputed that California permits parties to override the "default rule" of Labor Code section 510 through a collective bargaining agreement that satisfies the requirements of Labor Code section 514. The Motion does not dispute that the CBA otherwise satisfies the requirements of Labor Code section 514. The same is true as to the meal and rest period claims. These circumstances distinguish the present case from a case like *Sica*, where the very applicability of the collective bargaining agreement was not

4

conceded. Therefore Plaintiff's right to overtime "exists solely as a result of the CBA" and "necessarily derives from the CBA, not California law." And thus jurisdiction exists.

### 3. Binding Law And Policy Reasons Compel Revisiting *Sica's* Construction Of *Curtis*.

As explained above, the Court need not reconsider its decision in *Sica*[2] to deny the Motion. However, the Court should do so because this decision is incompatible with *Curtis*, incompatible with Supreme Court precedent, and is ultimately incompatible with Congress' intent to enshrine the "centrality of industrial common law in collective bargaining relationships." *Kobold*, 832 F.3d at 1046.

### a. *Sica* Is Contrary To *Curtis's* Binding Ruling On Jurisdiction.

**First**, the breadth of *Curtis's* holding is inescapable, and the near-consensus among district courts across California is that *Curtis* was not merely a merits-based holding; it was a decision about federal question jurisdiction. The plain language of *Curtis* cannot be ignored: "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis*, 913 F.3d at 1151. More specifically, the fact that *Curtis* refers to the Outer Continental Shelf Lands Act ("OCSLA") is a distinction without any real difference, and it certainly does not change the analysis. In fact, the Ninth Circuit expressly refused to address preemption under the OCSLA at all. *Curtis*, 913 F.3d at 1151, fn. 4 ("Irwin asserts that the district court had jurisdiction pursuant to OCSLA as well. Because we hold that jurisdiction over the overtime claim was proper under § 301 of the LMRA, we do not address whether complete preemption exists under OCSLA.") *See also*, *Radcliff.*, 519 F. Supp. 3d at 750 ("*Curtis* clearly stated that 'a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court.' ")

Drawing on the plain language of *Curtis*, "an overwhelming majority of courts have applied *Curtis* to exercise original jurisdiction over claims covered by CBAs compliant with section 514."

---

[2] Notably, on two prior occasions, this Court followed *Curtis* and acknowledged its jurisdiction over wage and hour claims preempted by the LMRA. *Garcia v. Pac. Gas & Elec. Co.*, No. 24-CV-04150-VC, 2024 WL 4209519, at *1 (N.D. Cal. Sept. 17, 2024); *Sykes v. F.D. Thomas, Inc.*, No. 20-CV-03616-VC, 2021 WL 343960, at *1 (N.D. Cal. Feb. 2, 2021) ("Sykes's CBA meets these requirements. Thus, his right to overtime 'exists solely as a result of the CBA' and is preempted by the LMRA." (citing *Kobold*, 832 F.3d at 1032)).

DEFENDANT MERCER, FRASER COMPANY'S OPPOSITION TO REMAND MOTION

*Radcliff*, 519 F. Supp. 3d at 751; *see also*, *Meraz v. Republic Nat'l Distrib. Co., LLC*, No. CV 25-12199-MWF(SK), 2026 WL 1021122, at *4 (C.D. Cal. Apr. 14, 2026):

> Mendoza also argues that the Court cannot find federal question jurisdiction by way of Bulwark invoking Section 301 preemption because it is a defense and therefore does not appear in the complaint. … This argument misunderstands the law. Section 301 was created with an "extraordinary pre-emptive power" that circumvents the well-pleaded complaint rule. *Curtis*, 913 F.3d at 1152 (quoting *Taylor*, 481 U.S. at 65). As the Ninth Circuit has made clear, "a civil complaint raising claims preempted by Section 301 raises a federal question that can be removed to a federal court." *Id*. Thus, Mendoza's arguments that the Court may not look beyond the face of his complaint are unfounded.

*See also*, *Lainez v. Wilhelm, LLC*, No. 4:23-CV-04421-KAW, 2024 WL 4291857, at *4 (N.D. Cal. Sept. 25, 2024) (same); *Moore v. Util. Traffic Control Servs., Inc.*, No. 25-CV-06975-AGT, 2026 WL 686593, at *3 (N.D. Cal. Mar. 11, 2026) ("Plaintiff finally argues that his overtime is not exempted because Defendant's § 514 argument is a defense, not giving rise to § 301 preemption. … That argument is unavailing. Section 301 'has such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' "); *Parker v. St. Mary Med. Ctr.*, No. 5:25-CV-03257-WLH-PVC, 2026 WL 524046, at *3 (C.D. Cal. Feb. 25, 2026) ("When an asserted labor code or wage order claim is covered by an available collective bargaining agreement exemption, such that there exists no valid underlying state law claim, the inquiry is resolved in favor of preemption at the first step."); *Pierce v. Air Sys., Inc.*, No. 4:25-CV-10609-KAW, 2026 WL 497489, at *1 (N.D. Cal. Feb. 23, 2026)  ("Defendant argues that federal jurisdiction is conferred by § 301 of the LMRA pursuant to *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1154 (9th Cir. 2019) …  The Court agrees. Indeed, 'post-Curtis, a majority of courts in this circuit have found that an affirmative defense of § 301 is sufficient to raise a federal question…') (citing *Lainez*, 2024 WL 4291857 at *4); *Radford v. Nexstar Broad., Inc.*, No. 24-CV-08118-RFL, 2025 WL 829601, at *2 (N.D. Cal. Mar. 14, 2025) ("the undersigned concurs with the majority of district courts that apply Curtis to conclude that a defense of Section 301 preemption is sufficient to raise a federal question."); *Hussein v. Marin Gen. Hosp.*, No. 24-CV-06296-KAW, 2025 WL 56416, at *4 (N.D. Cal. Jan. 9, 2025) ("post-*Curtis*, a majority of courts in this Circuit -- including this Court – 'have found that an affirmative defense of § 301 is sufficient to raise a federal question that can be removed even absent mention of a CBA or a concession from the plaintiff that the CBA applied to them.' "); *Allmaras v.*

DEFENDANT MERCER, FRASER COMPANY'S OPPOSITION TO REMAND MOTION

*Univ. Mech. & Eng'g Contractors, Inc.*, 757 F. Supp. 3d 1094, 1107, fn. 4 (S.D. Cal. 2024) ("The Court has subject matter jurisdiction over Count Six because it is preempted under § 301." (citing *Curtis*, 913 F.3d at 1152); *Shanley v. Tracy Logistics LLC*, 756 F. Supp. 3d 820, 829 (E.D. Cal. 2024) ("In essence, Plaintiff asserts that he can artfully plead his allegations of wage and hour violations to avoid LMRA preemption by not mentioning the 2021 CBA. … The court finds Plaintiff's argument unavailing. As noted above, the Ninth Circuit has expressly found that '§ 301 has such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' ") (citing *Curtis*, 913 F.3d at 1152) (internal citation omitted); *Nordman v. Bon Appetit Mgmt. Co.*, No. 23-CV-00703-DMR, 2023 WL 3006563, at *3 (N.D. Cal. Apr. 18, 2023) ("If a CBA meets the requirements of the section 514 exemption, the plaintiff's right to overtime "exists solely as a result of the CBA, and therefore is preempted under § 301 [of the LMRA].")"; *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL 5999082, at *7 (N.D. Cal. Dec. 20, 2021) ("This seems to be a more accurate reading of *Curtis*, and there is a greater number of recent cases that conclude that an affirmative defense of Section 301 alone is sufficient to raise a federal question that can be removed; therefore, the Court should follow this approach."). Therefore, virtually every other district court in California has understood *Curtis* to be a jurisdictional decision that requires denial of remand in this situation. Time and time again they have rejected the same argument that the Motion makes. This Court should do the same.

### b.   *Sica* Is Contrary To Supreme Court Precedent And Congress' Intent Behind the LMRA.

**Second**, *Curtis's* jurisdictional holding controls not just because it is binding and nearly universally applied Ninth Circuit precedent; it correctly applies Supreme Court precedent and Congress' intent reflected in the LMRA. To reject *Curtis* is to contravene Supreme Court precedent and Congress' intent.[3]

29 U.S.C. § 185(a) (commonly referred to as "section 301" or "§ 301")  states that "Suits for violation of contracts between an employer and a labor organization representing employees in an

---

[3] The Court should not lose sight of the fact that the well-pleaded complaint rule was created by Congress, so it may be modified by Congress, as it did with the LMRA as construed by the Supreme Court. *Caterpillar*, 482 U.S. at 392-393.

7

industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis*, 913 F.3d at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985); *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962).) Because Congress did not "state explicitly whether and to what extent it intended § 301 of the LMRA to pre-empt state law[,]" the extent of LMRA preemption is determined by binding precedent (including *Curtis*) and the application of Congress' stated intent as to the LMRA. *See e.g.*, *Allis-Chalmers*, 471 U.S. at 209.

The LMRA "expresses a federal policy that federal courts should enforce these agreements on behalf of or against labor organizations and that industrial peace can be best obtained only in that way." *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 455 (1957). "[T]he substantive law to apply in suits under s 301(a) is federal law, which the courts *must fashion from the policy of our national labor laws … [f]ederal interpretation of the federal law will govern, not state law.*" *Id*. (emphasis added.) The LMRA is intended to "preserve[] the central role of arbitration in our 'system of industrial self-government.' " *Allis-Chalmers*, 471 U.S. at 219 (citing *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960)).

To cabin *Curtis* would undermine the broad sweep of the LMRA and undermine the statute's goal of "fashion[ing] a body of federal common law to be used to address disputes arising out of labor contracts." *Radcliff*, 519 F. Supp. 3d at 747; *see also*, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 219–20 (1985) ("A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness.") *Curtis* itself cites three policy considerations for its jurisdictional holding: (1) the "effort to erect a system of industrial self-government." (*id*. (citing *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 917–18 (9th Cir. 2018)); (2) the fact that a CBA "calls into being a new common law" and therefore, the labor arbitrator (and arbitration process) chosen by the parties "is usually the appropriate adjudicator for CBA disputes"; and (3) the "procedural benefits" of a CBA's arbitration or grievance procedure. *Id*.

8

These policy considerations militate in favor of falling into line with the other district courts in California. First, from an LMRA perspective, California's overtime statute is a "default definition of overtime and overtime rates [that] does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1154. California's legislature has undeniably crafted its overtime rules to permit modification by collective bargaining. Indeed, via section 514 of the California Labor Code, it permits a union and an employer to agree to an overtime structure that is "not the same as section 510 's definition of overtime (and overtime rates)." *Curtis*, 913 F.3d at 1154; *see also*, *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 107 (2014). To treat section 510 (and 512(a), and IWC Wage Order 11(a)) as an independent state law claim for purposes of LMRA preemption would render California's statutory framework nugatory and permit constant intrusion into collective bargaining and collective bargaining agreements, which in turn, would weaken the self-organized nature of collective bargaining.

Additionally, not recognizing the existence of federal jurisdiction undermines the parties' hard-bargained procedural rights. Indeed, the scope of LMRA preemption extends not just to substantial rights created by a CBA; it extends to derivative rights, such as the right to good faith performance and "implied contract provision[s]." *Allis-Chalmers*, 471 U.S. at  215 ("The Wisconsin court's assumption that the parties contracted only for the payment of insurance benefits, and that questions about the manner in which the payments were made are outside the contract is, moreover, highly suspect.") Accordingly, the LMRA does not just mandate federal forums for vindication of a CBA's substantive rights; it re-orders *how* rights and obligations that are created through collective bargaining are intended to be vindicated, including on a procedural level. *Id.* at 219 ("Perhaps the most harmful aspect of the Wisconsin decision is that it would allow essentially the same suit to be brought directly in state court without first exhausting the grievance procedures established in the bargaining agreement… [u]nless this suit is pre-empted, their federal right to decide who is to resolve contract disputes will be lost.") Thus, in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 216 (2004), the Supreme Court explained that the existence of state law claims that "duplicate[d]" or "supplement[ed]" ERISA [one of the other federal regulatory schemes that completely preempts state law] would "undermine[]… Congress' intent to make the ERISA civil enforcement mechanism exclusive." *Id.* Similarly, in *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003), the Supreme Court found that the National Bank Act exerted complete preemption over

9

state usury laws, and thus, any state usury claim made against a national bank creates federal question jurisdiction. *Id*. at 11.

Courts that have followed *Curtis* have also acknowledged that not to do so would permit a plaintiff to "artfully plead his allegations of wage and hour violations to avoid LMRA preemption by not mentioning" a collective bargaining agreement. *See e.g.*, *Shanley*, 756 F. Supp. 3d at 829. This is inconsistent with the purpose of the LMRA to create a uniform body of federal law for controlling the resolution of CBA-governed disputes.

*Curtis's* holding that federal questions jurisdiction exists in situations like this one is not just a correct application of mandatory legal principles; it is a well-reasoned rule that furthers the policy goals of the LMRA. Since this rule flows from Congress' legislative power (as does the well-pleaded complaint rule it modifies), the judicial branch must abide. While, to reiterate, the Court need not change course from its holding in *Sica* to deny the Motion, it should also deny the Motion because *Curtis* squarely applies and requires denial notwithstanding *Sica*.

**B.        The Motion Also Fails Because It Fails To Address The FMCSA.**

In its Notice of Removal, Mercer argued that federal question jurisdiction also exists due to the preemptive effect of the Federal Motor Carrier Safety Act's rules preempting California's meal and rest period rules as applied to covered drivers. See, Notice of Removal, ¶¶ 37 – 41. In *Razo v. Cemex Constr. Materials Pac., LLC*, No. CV 20-11175-MWF (KSX), 2021 WL 325638, at \*2 (C.D. Cal. Feb. 1, 2021) the Central District held that FMCSA preemption created federal jurisdiction for much the same reason as LMRA preemption does. In *Razo*, defendant Cemex Construction Materials Pacific removed a putative class action on the basis of federal question jurisdiction over plaintiff's claims on the grounds that they were completely preempted by the FMCSA Hours of Service ("HOS") regulations. In denying defendant's Motion to Remand, the *Razo* Court noted that "[u]nder the complete preemption doctrine, federal question jurisdiction exists where "the preemptive force of a statute is so extraordinary that it converts an ordinary state law complaint into a federal claim." *Id*. Because the plaintiffs in *Razo* were drivers subject to the FMCSA HOS regulations, as the drivers are in the instant action, "the claims brought by Plaintiff are completely preempted by federal law" and denied the Motion to Remand. *Id*. at 3. *See also*, *Shwiyhat v. Martin Marietta Materials, Inc.*, No. 3:23-CV-00283-JSC, 2023 WL 6626129,

10

at *7 (N.D. Cal. Oct. 10, 2023) ("Plaintiff's assertion that Federal Motor Carrier Safety Administration hours-of-service rules preemption does not provide for federal question jurisdiction is also unavailing.")

The same is true here; Plaintiff is a driver subject to the FMCSA HOS regulations, and therefore, his claims for meal and rest break violations are also completely preempted by federal law, as was shown in the Notice of Removal. Thus, federal question jurisdiction exists.

The Motion fails to address federal question jurisdiction under the FMCSA. Therefore, the Motion has waived this issue and cannot raise it for the first time on reply, and the Motion must be denied. *See*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

### C. The Motion's Other Arguments Fail.

#### 1. PAGA Claims Are Not Treated Differently For Purposes Of This Analysis.

The Motion asserts that "[g]enerally, California state courts–not federal courts–are the proper place to bring PAGA actions…" Motion, 3:14-15. However, as the Motion concedes, "PAGA claims… rise and fall [in jurisdiction] with those underlying claims." Motion, 3:16-17 (citing *Franco*, 2019 WL 6358947 at *4.) In fact, "the distinction between bringing PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption." *Radcliff*, 519 F. Supp. 3d at 748. "[T]o determine whether a claim is preempted under the LMRA, courts look to the underlying character of the claim itself." *Id. See also*, *Martinez*, 514 F. Supp. 3d at 1234; *Chatman v. WeDriveU, Inc.*, No. 3:22-CV-04849-WHO, 2022 WL 15654244, at *7 (N.D. Cal. Oct. 28, 2022). Therefore, the fact that Plaintiff brings his claims via PAGA does not change the Court's analysis for purposes of preemption, and federal question jurisdiction exists for the reasons discussed above.

#### 2. No "Clear And Unmistakable Waiver" Is Required.

The Motion asserts that the "CBA does not contain a clear and unmistakable waiver of state law rights…" Motion, 6:15-16. However, none of the statutory exemptions at issue require such a showing. The only cases that the Motion cites in support of its proposition, such as *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 8 Cal. App. 5th 236, 250 (2017), discussed the standard for granting a motion to compel arbitration of a CBA's arbitration provision and/or grievance procedure to a discrimination

11

claim. That standard does not apply here, and no showing of a clear and unmistakable waiver is required.

### 3.    The Motion Otherwise Fails To Rebut Mercer's Showing.

As an initial matter, the Motion asserts that "[w]hile Labor Code sections 510, 511, 512 and 514 contain certain exemptions where a valid CBA exists, none of those exemptions allow employers to forego are [sic] meal periods or payment therefore entirely [sic]." Motion, 5:17-19. However, California Labor Code section 514 states that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement…" Similarly, Labor Code section 512(e) states that "Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied." Rather, sections 510 and 512 serve as default rules that may be displaced by a CBA; if the applicable exemptions are satisfied, an employee's recourse is the CBA's grievance mechanism and not a court of law.

The Motion fails to dispute the key point – that the CBA satisfies the statutory exemptions. It does not dispute that the CBA satisfies California Labor Code section 514. Notice of Removal, ¶ 23 (showing that the CBA provides for wages, overtime, hours of work, and working conditions, and provides a sufficient hourly rate of pay). It asserts that "altering when a meal break is received or what pay applies is vastly different from never receiving the meal break or premium pay for working it." Motion, 9:13-15. But that is irrelevant and does not dispute Mercer's showing that California Labor Code section 512(e) applies, and that the CBA satisfies that exemption. Notice of Removal, ¶¶ 29, 30 (showing that the CBA provides for wages, overtime, hours of work, and working conditions, final and binding arbitration of disputes concerning application of its meal period provisions, and provides a sufficient hourly rate of pay). And the Motion fails to address LMRA preemption of the rest period claim, let alone dispute that the CBA satisfies IWC Wage Order 16-2001, Section 11(E). Notice of Removal, ¶ 35 (same, for Section 11(E)).

In short, the Motion does not meaningfully dispute that the CBA satisfies the statutory exemptions.

12

### III.    CONCLUSION

This Court does not need to change course on its decision in *Sica* to deny the Motion. The Motion admits that Plaintiff's employment was governed by a CBA, just like in *Curtis*. And the Court should independently deny the Motion on the basis that it fails to address the FMCSA. The Motion's remaining legal arguments lack merit.

Otherwise, it is undisputed that the CBA at issue satisfies all the requirements for the applicable statutory exemptions, and that under *Curtis*, federal question jurisdiction exists. Therefore, the Motion should be denied.

DATED: July 1, 2026                                        SEYFARTH SHAW LLP


                                                    By: /s/ Ryan McCoy
                                                        Ryan McCoy
                                                        Petersen Walrod
                                                        Attorney for Defendant
                                                        MERCER, FRASER COMPANY

DEFENDANT MERCER, FRASER COMPANY'S OPPOSITION TO REMAND MOTION