Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Robert E. Morelli, III (SBN 363123)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

Colette Mahon (SBN 304745)
**LAWYERS FOR EMPLOYEE AND**
**CONSUMER RIGHTS, APC**
3500 West Olive Ave, Third Floor
Burbank, CA 91505
Phone: 323-375-5101
Fax: 323-306-5571
cmahon@lfecr.com

*Attorneys for Plaintiff, the State of California*
*and Aggrieved Employees*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JONAS, on behalf of the State of California and Aggrieved Employees,<br><br>*Plaintiff,*<br><br>vs.<br><br>MERCER, FRASER COMPANY, and DOES 1 through 100, inclusive,<br><br>*Defendant(s).* | Case No.  1:26-cv-04666-VC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND PAGA ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>The Honorable U.S. District Judge Vince Chhabria<br><br>Date: August 13, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 03, 17th Fl.<br><br>Case Removed: May 18, 2026<br>Complaint filed: March 6, 2026<br><br>Trial Date: None Set |

Remand is required. State law claims are only preempted when said claims arise out of collective bargaining agreement (CBA) rights or require the interpretation of a CBA. Plaintiff clearly did not plead any violations based on the Mercer Fraser CBA, and, even if he had, only two out of the six alleged claims could arise from the CBA. Defendant's invocation of a Labor Code exemption functions as an affirmative defense to the merits of the state law claims; it does not create removal through Section 301 preemption of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Under the well-pleaded complaint rule, federal jurisdiction is determined by what appears on the face of the plaintiff's complaint—not by defenses raised by the defendant. While the complete preemption doctrine under LMRA Section 301 can independently support removal when a plaintiff's state law claim is truly converted into a federal claim, a mere defensive invocation of LMRA preemption, like Defendant does here, does not accomplish this result.

Defendant must do more than simply invoke the existence of a CBA to justify removal: they must show an active dispute over the CBA terms. There is no such dispute here. Plaintiff's rights to recover statutory penalties exists because of state law. The CBA does not provide a right to recover under the Private Attorney General Act (PAGA), nor does it waive any PAGA rights or remedies. Indeed, the CBA is silent on four of Plaintiff's causes of action entirely, so they cannot be preempted and are not in need of interpretation.

Defendant bears the burden of demonstrating that Plaintiff's state law claims either arise directly from rights created by the CBA or are substantially dependent on the interpretation of an identified CBA provision. It cannot do either. Merely referencing the CBA as a defense, alleging a hypothetical connection between the claim and the CBA, or pointing to tangentially-related CBA provisions is legally insufficient to establish removal jurisdiction. Moreover, the case upon which Defendant mainly relies, *Curtis*, is not embraced by the Northern District of California because it was not a jurisdictional case. The more recent Hernandez case shows the Northern District does not consider relief premised solely on state law violations as involving the CBA. Nor, did the Northern District find a contract interpretation dispute when neither party raised a dispute as to any CBA terms.

In sum, Section § 301 does not broadly preempt nonnegotiable state law rights. The need to interpret the CBA must inhere in the nature of the Plaintiff's claim, and it does not here. If the claim

is plainly based on state law, § 301 pre-emption is not mandated simply because the defendant refers to the CBA in mounting a defense. Nor does §301 does not give employers and unions the right to displace state regulatory grounds or waive nonnegotiable state law rights like those the Private Attorney General Act (PAGA) vindicates through statutory penalties.  As such, the Court should grant Plaintiff's Motion.

## I.    ARGUMENT

### A. DEFENDANT FAILS TO MEET ITS BURDEN OF ESTABLISHING REMOVAL JURISDICTION.

The Court should grant Plaintiff's Motion because parties cannot use anticipated defenses to establish subject matter jurisdiction. Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question appears on the face of the plaintiff's properly pleaded complaint. As the Supreme Court explained,

> [i]t is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987) Moreover, federal courts "strictly construe the removal statute against removal jurisdiction" and reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, if there is any doubt as to the existence of the district court's subject matter jurisdiction, the court should remand. 28 U.S.C. §1447(c).

While §301 of the LMRA can preempt state law claims, it can only do so if the rights either **arise out** of a CBA **or require the interpretation** of a CBA. *Dent v. National Football League*, 902 F.3d 1109, 1116 (9th Cir. 2018). Although the Labor Code does carve out certain exemptions for employment relationships covered by CBAs, California courts treat "the assertion of an exemption from the overtime laws" as "an affirmative defense." *Sica v. Silicon Valley Mechanical, Inc.*, No. 26-

CV-00180-VC, 2026 WL 1379906, at \*1 (N.D. Cal. 2026) (citing *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 794-95 (1999)). Raising an affirmative defense cannot inject a federal question into a state law action to otherwise transform it into a federal action. *See Caterpillar*, 482 U.S. at 399; *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025).

The Northern District in *Sica* found that the exemption defense operated as a merits question for the court regarding underlying claims the Defendant alleged were precluded by the CBA, rather than a federal question. *Sica*, 2026 WL 1379906 at 1. The court suggested that if Defendant is able to prevail on the merits by showing that the CBA at issue does cover Sica's disputed claims (overtime, meal period, rest period, and untimely wages), that would only mean that he could not prevail on those state law claims, and not that they arose out of federal law. *Sica,* 2026 WL 1379906, at 1, (citing *Hernandez v. Pacific Underground Construction, Inc.*, 794 F. Supp. 3d 696, 705 (N.D. Cal. 2025)); and *Cortes v. Mass Electric Construction Co.*, 2025 WL 3685194, at \*4-5 (N.D. Cal. 2025). Likewise, courts within the Central District also conclude that the mere fact that a Labor Code exemption **may** apply to a plaintiff's claim **is not** sufficient to grant a court jurisdiction under the LMRA. *Lopez v. Sysco Corp.*, No. 15-CV-04420-JSW, 2016 WL 3078840, at \*4 (N.D. Cal. 2016) (citing *Vasserman v Henry Mayo Newhall Memorial Hosp.*, 65F.Supp3d 932, 954-55(C.D. Cal 2014)). *See also Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696, 705 (N.D. Cal. 2025) (citing *Vasserman v.*, 65 F. Supp. 3d at 954) ("Such an affirmative defense [§301 preemption] cannot serve as the basis for removal, particularly where, as here, the plaintiff has "specifically and repeatedly plead[ed] violations of state law, not a violation of the CBAs or right[s] they provide.")

Plaintiff pled only violations of California state law and labor code. However, Defendant contends that removal via complete preemption exists because of a "valid CBA." (Notice of Removal, ECF 1, ¶¶ 29,30.)

Yet even **if** the exemptions Mercer Fraser alleges apply, they can **only** apply to the first two causes of action: "Failure to Pay Overtime Premiums," and "Meal and Rest Period Premiums," as those are the only two claims with potentially relevant language in the CBA. [1]The CBA is silent

---

[1] If the Court finds CBA preemption applies to Plaintiff's first and second claims, those affirmative defenses still do not establish a federal question—the claims will simply die in state court on the

regarding the rest of the violations pled. As the exemption(s) provide only an affirmative defense, there is no basis upon which to remove those two claims, and no supplemental jurisdiction upon which to remove the rest of the Plaintiff's claims into federal court.

Plaintiff and his fellow aggrieved employees' right to statutory penalties under PAGA for the other four causes of action remain intact and ripe in state court.

### B.  DEFENDANT'S OPPOSITION FAILS TO SUPPORT REMOVAL FOR THE REST OF PLAINTIFF'S CLAIMS.

> *i.  Preemption based on the LMRA does not apply unless rights clearly arise from a CBA or require interpretation of a CBA.*

Defendants allege that §301 must broadly preempt all of Plaintiff's alleged violations of state law merely because a CBA in conformity with Cal. Labor Code §§514 and 512(e) exists but continually neglect to explain where in the CBA the rest of the preempting rights are found or what sort of CBA interpretation is necessary to require a federal forum for the rest of claims three, four, five, and six.[2] The exemption defenses potentially applicable to overtime and meal breaks plainly **do not** transform the rest of Plaintiff's alleged violations from state law claims into actions arising under federal law despite Defendant's wish to invoke supplemental jurisdiction because those four claims have no corresponding, relevant language in the Mercer Fraser CBA.   Because the CBA is silent regarding the other four claims, they have no §301 LMRA affirmative defenses available and no questions of interpretation. Claims three through six arise purely in state law rather than out of rights created in the CBA.

In *Wilson-Davis v SSP America, Inc.*, the court was not persuaded by the defendant's use of §514 and the LMRA to preempt Wilson-Davis's minimum wage claim despite an allegedly "valid CBA" at play because SSP America never explained why they needed an interpretation of the CBA from the federal court. *Wilson-Davis v SSP America, Inc.*, 434 F.Supp3d 806 at 813 (C.D. Cal. 2020).

---

merits. *Wilson-Davis v SSP America, Inc.*, 434 F.Supp3d 806 (C.D. Cal. 2020) citing *Caterpillar Inc. v Williams*, 482 U.S. 386 at 399 (1987).

[2] Respectively, claims three through six are: "Failure to Reimburse Business Expenses, Failure to Provide True and Accurate Itemized Wage statements, Waiting Time Penalties, and Failure to Pay Wages Timely. Compl. pp 10,11,14,16.

The court elaborated that it was not enough for defendants to provide a laundry list of provisions that they allege the court needed to interpret to resolve Wilson-Davis's claims without explaining **why** those CBA areas required interpretation. *Id.* In particular, the court found that the CBA had straightforward terms and could not fathom why the Court would need to interpret them rather than simply reference them to calculate the employees' regular rates. *Id.* at 814. For those reasons, the *Wilson-Davis* court held that the LMRA did not preempt Plaintiff's state law minimum wage and overtime claims. *Id.*

Additionally, the court found that the SSP America CBA was "unmistakably clear" regarding meal and rest breaks as the CBA plainly said it would "comply with wage and hour laws with regard to breaks and meal periods." *Id* at 815. The court said SSP America's argument "borders on frivolous" because the CBA cannot be clearer and, accordingly, the LMRA did not preempt the meal and rest period claims, either. *Id.* The court stressed, "the mere fact that a broad contractual protection . . . may provide a remedy for conduct that coincidentally violates state-law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract." *Id.* at 816. Hypothetical ties between claims and the terms of the CBA are not enough for claim preemption. *Id.* citing *Cramer* 255 F.3d at 692. The instant case is just like *Wilson-Davis*: there are no unclear Mercer Fraser CBA provisions and Defendant has cited nothing from the CBA requiring interpretation. No federal questions or federal jurisdiction existed in Wilson—Davis, and none exists here, either.

The *Wilson-Davis* court also addressed SSP America's contention that the mandatory grievance and arbitration procedure in its CBA "covered all of Plaintiff's claims," and that the court would need to interpret whether he can pursue a claim for relief [in a judicial forum.]" *Id.* at 817. This, too, was rejected. The *Wilson-Davis* court explained that merely looking to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights does not trigger §301 preemption. *Id.* Since the SSP America CBA grievance and arbitration section limited itself to "claims that involve the 'interpretation, application, or enforcement of the CBA,'" the Court found that Plaintiff's claims, which were brought only under California state law, were not preempted. *Id.* at 818. Accordingly, the Central District of California decided it did not have subject matter jurisdiction and remanded *Wilson-Davis* to state court. *Id.*

Likewise, the Mercer Fraser CBA is extremely clear. Aside from the overtime and meal break provisions, there are zero CBA provisions which Defendant can point to as creating rights which preempt statutory rights or require the federal court's interpretation for §301 preemption. Even CBA Article 15, the "Dispute Settlement Article," is quite clear that it applies only to "questions arising from the interpretation or application of the provisions of this Agreement." There is also no "clear and unmistakable waiver of state law claims," in the CBA which could have entirely avoided judicial forums. Simply put, the Court need not interpret the CBA and therefore there is no subject matter jurisdiction.

**C. DEFENDANT'S RELIANCE ON *CURTIS* FOR PREEMPTION IS MISPLACED AND SHOULD BE UNDERSTOOD THROUGH *HERNANDEZ* AND *SICA*.**

In 2025, *Hernandez v. Pacific Underground Construction, Inc.* reexamined the complete preemption theory in *Curtis v. Irwin Industries, Inc.* 794 F. Supp. 3d 696 (N.D. Cal.). The *Hernandez* court realized *Curtis* was not a case squabbling over whether federal jurisdiction existed: the parties there never disputed federal jurisdiction existed. *Id.* at 705. *Curtis* was, in essence, a decision about **the merits** of the plaintiff's claims rather than a decision about the court's ability to exercise removal jurisdiction on an LMRA "complete preemption" theory. *Id.* at 706. The Northern District found Curtis' claims ultimately lacked merit not simply because they were preempted but because he had no basis for invoking state law and because he conceded two CBAs applied to his employment. *Id*. The Hernandez court noted Curtis' claims only tried to bring in California state law tangentially by adopting the substantive standards of the California Labor Code to his work on the Outer Continental Shelf (OCS)—they did not arise organically under California state law alone. *Sica v. Silicon Valley Mech., Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906, at 1 (N.D. Cal. 2026). The Hernandez court found *Curtis* of limited value because its precursor was overturned by the Supreme Court which found that federal laws completely preempted the application of state wage laws on the OCS.3794 F.Supp.3d

696 at 706.[4]

Conversely, the plaintiff in *Hernandez* pleaded claims for minimum wage and expense reimbursement arising *only* under state law and did not reference the CBA in any way. *Id*. The court found that all of Hernandez's asserted rights were conferred upon him by virtue of state law rather than the CBA, and, notably, that alleging a violation of Cal. Lab. Code §1194 for not paying him for all of the hours he worked, showed a claim for relief premised solely on state law and not Pacific's CBA. *Id*. at 707.

Like *Hernandez*, Plaintiff Jonas also pleaded a violation of Cal. Lab. Code §1194 for being denied pay for all hours worked and he also did not reference the Mercer Fraser CBA in any manner in the complaint. Likewise, both *Hernandez* and Plaintiff Jonas pleaded violations of expense reimbursements under Cal. Lab. Code §2802. The *Hernandez* court found that Cal. Lab. Code §2802 is purely a creature of state law and unwaivable by contract per §2804, and the same is true here.

 Finally, Pacific Underground also tried to argue that the CBA's grievance procedure provided an independent basis for preemption, but the *Hernandez* court found that such procedures themselves are not a source of rights under the CBA or a sole basis for preemption. *Id*. at 708.

Like *Hernandez*, Plaintiff cannot be relegated to a grievance mechanism from the CBA when it does not provide remedies or PAGA statutory penalties for non-waivable employment rights.

### D. FMSCSA DOES NOT DENY STATE LAWS WITH "SAME EFFECT" AS FEDERAL REGULATIONS TO BE ENFORCED.

In 2022, the Northern District decided *Lindsey v. WC Logistics, Inc*., wherein the defendant tried to remove PAGA claims to federal court on the basis of FMCSA preemption. *Lindsey v. WC Logistics, Inc*., 586 F.Supp.3d 983 (2022). The court emphasized that "[i]t is a bedrock, long-settled principle that "a case may not be removed to federal court on the basis of a federal defense, including

---

[4]*Curtis v. Irwin Indus. Inc.*, No. 15-cv-02480-ODW, 2020 WL 636049, at \*4 (C.D. Cal. Feb. 11, 2020) was premised on *Newton v Parker Dilling Management Services, Ltd*., 881 F.3d 1078, 1082 (9th Cir. 2018). However, Newton was overturned because, "where federal law addresses the relevant issue, state law is not adopted as surrogate federal law on the OCS." Hence, California's wage laws were inapplicable to Curtis because only the federal Fair Labor Standards Act or the CBAs controlled on the OCS. *Parker Drilling Mgmt. Svcs., Ltd. V. Newton*, 139 S.Ct. 1881, at 1883 (2019).

the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 989 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)). Exactly like the § 301 LMRA defense, an affirmative defense of FMCSA preemption does not create federal question jurisdiction. Complete preemption by a federal statute can convert such an ordinary state law claim into a federal action **only** when the "the federal statute at issue provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." 586 F.Supp.3d 983   at 989 (citing *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Defendant's use of the preemption argument should have been used as an attack on the merits of the case, rather than as a basis for removal. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 n. 7 (9th Cir. 2000).

Next, the *Lindsey* court discussed the Federal Motor Carrier Safety Act (FMCSA or §31141) and the fact that it does not provide any private right of action, much less the exclusive cause of action, just like the Central District of California found in 2021. 586 F.Supp.3d 983 at 990 citing *Hardwick v. Hoovestol, Inc.*, No. CV209707DMGMAAX, 2021 WL 200518, at 1–2. The FMCSA merely allows a federal agency to pronounce that state laws that are additional-to or more-stringent-than the federal regulations are **not** enforceable **if** the state laws have **no** safety benefit, are incompatible with the federal regulations, or would unreasonably burden interstate commerce." *Id.* at 990 (citing 49 U.S.C. § 31141(c)(4)). Notably, the court found the statute expressly *allows* state laws with "the same effect as" the federal regulations to be enforced. *Id.* at 990 citing 49 U.S.C. § 31141(c)(2). In sum: the FMCSA itself does not claim complete preemption over state laws unless they are without safety benefit, incompatible, or unduly burdensome, and California's labor laws are none of these. If the court decides that FMCSA preemption applies to Plaintiff Jonas' claims, it will merely bar those claims on their merits, not present a federal question.

Finally, the Lindsey court reviewed the Ninth Circuit's holding regarding preemption of the FMCSA in *International Brotherhood of Teamsters, Loc. 2785 v. Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. 2021) ("*Teamsters*"). Lindsey found the *Teamsters* decision contained nothing suggesting or holding that the FMCSA completely preempts state law in regard to

8

wage and hour rules and that the conflict preemption analysis therein was superfluous if the FMCSA completely preempted state law. *Lindsey* at 990. Further, as 49 U.S.C.A. § 31141(c)(2) expressly allows state laws with "the same effect as" the federal regulations to be enforced demonstrates Congress did not intend to entirely displace state law causes of action. *Id.*

The *Lindsey* court also discussed *Razo v CEMEX Construction Materials Pacific, LLC.*, and denounced the Central District of California's opinion as error because the *Razo* court did not: i) apply the Supreme Court preemption tests, ii) distinguish between ordinary conflict preemption and complete preemption, or iii) recognize that, "Complete preemption is a limited doctrine that applies only where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Id.* at 990-991. In sum, the Lindsey court found that it had no federal question jurisdiction over the PAGA claims. *Lindsey* at 998.

Just like in the *Lindsey* matter, instant Plaintiff is also a driver who brings violations based on California state wage and hour laws. California's wage and hour laws have the "same effect" as the FMCSA hours of service regulations and they were expressly enacted for workers' health and safety. Therefore, FCMSA does not completely the California Labor Code violations alleged and there is no preemption or federal question jurisdiction.[5]

## II.    CONCLUSION

Defendant failed to meet its burden in establishing that use of the California Labor Code exemptions or FMCSA was anything more than an affirmative defense, and removal of any of the claims cannot be supported via §301 preemption, the FMCSA, or associated supplemental jurisdiction. Plaintiff respectfully requests this Court remand this action to the Humboldt County Superior Court.

/ / /

---

[5] Defendant also wrongly claims that Plaintiff is precluded from addressing Defendant's FMSCA arguments. Defendant is wrong. Plaintiff's Motion rests on the basic principle that a defendant cannot use affirmative defense to create federal question jurisdiction. That is true for Defendant's LMRA arguments and its FMSCA arguments. Moreover, it is not necessarily an abuse of discretion to consider new arguments submitted in a reply brief. It is well-settled that the district court may consider new arguments and new materials submitted with plaintiffs' reply brief without abusing its discretion. See *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024) (citing *Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011)); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003).

Respectfully Submitted,

Date: July 8, 2026

*/s/ Robert E. Morelli, III*
Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli, III
**SCHNEIDER WALLACE COTTRELL KIM LLP**

Colette Mahon (SBN 304745)
**LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS, APC**

*Attorneys for Plaintiff, the State of California and Aggrieved Employees*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF System on July 8, 2026. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the Court's CM/ECF system.

*/s/ Robert E. Morelli, III*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES
*Jonas v. Mercer Fraser Company, et al.*, Case No. 1:26-cv-04666-VC